**S. A. HIRSH MANUFACTURING COMPANY, an Illinois corporation, Plaintiff,**

v.

**Louis CHILDS, d.b.a. Childs Equipment Company, and Lou Childs, Defendant.**

**Civ. A. No. 13924.**

United States District Court
W. D. Pennsylvania.

Dec. 27, 1957.

Karl B. Lutz, Pittsburgh, Pa., for plaintiff.

Wm. H. Parmelee, and Marcus Susman, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

After judgment was entered in this case, the defendant filed a motion for modification of the order for judgment. Argument was held on this motion and it was understood at the time of argument that the requirements of the order calling for a label to be secured by waterproof glue would be amended so as to permit other adequate adhesive to prevent accidental removal. It was also agreed that the order was to be amended in respect to the shelving and uprights to which said labels would be applied. Such a proposed amended order has been submitted by defendant's counsel to the Court with the consent of the plaintiff's counsel.

The other matter which was argued was the Court's allowance of costs. The awarding of costs is governed by Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C., which

rule provides that costs shall be allowed as of course to the prevailing party unless the Court otherwise directs except when express provision, therefore, is made by statute. The plaintiff here made two claims, one for copyright infringement and one for unfair competition.

The defendant asserted a counterclaim.

This Court found for the plaintiff, but not on all of its claims. It found that the defendant had committed unfair trade practices for which the plaintiff was entitled to relief; however, it found that the defendant was not guilty of any copyright infringement. However, it was found that the defendant did not prevail in its counterclaim and found against the defendant on this issue. Had this suit been based strictly on the copyright issue, the defendant would have been the prevailing party; however, the suit was based on more than this one issue. The question then for determination by the Court and on which the Court based its allowance of the costs was who was the prevailing party. There have been many cases written on the allowance of costs and most of them peculiar to their own circumstance. A few of these have been cited to the Court. The simplest definition that we have found is that:

> "The prevailing party is the one in whose favor judgment is entered, and he need not have recovered his entire claim." Vol. 10, Cyclopedia of Federal Procedure, § 38.05, p. 351 (3rd Ed.) See also 6 Moore's Federal Practice § 54.70 [4].

Very simply, the plaintiff here had judgment entered in its favor. It did not recover its entire claim. It is the prevailing party and is entitled to recover its costs, notwithstanding the fact that in its copyright action it was unsuccessful.

Defendant's primary objection to the levying of the costs against him is plaintiff's assertion of what costs it seeks to recover. Whether all its claims may be legally taxable or not is not before the Court at this time. Therefore, we do not express any opinion as to which costs that the plaintiff incurred may be legally taxed and recovered.