**MOBILE POWER ENTERPRISES, INC.,**
Plaintiff-Appellant,

v.

**POWER VAC, INC., Defendant,**
and
**Anilas Corporation, Defendant-Appellee.**

**Eugene Ashley GAITERS, Plaintiff,**

v.

**POWER VAC, INC., Defendant,**
and
**Anilas Corporation, Defendant-Appellee.**

No. 73–1682.

United States Court of Appeals,
Tenth Circuit.

May 31, 1974.

Warren L. McConnico, Tulsa, Okl. (Phil Thompson, Tulsa, Okl., on the brief), for appellant.

Paul P. McBride, Tulsa, Okl. (William D. Hunt, Tulsa, Okl., on the brief), for appellee.

Before HILL and McWILLIAMS, Circuit Judges, and DURFEE,* Judge.

HILL, Circuit Judge.

In this diversity action plaintiff-appellant Mobile Power Enterprises, Inc. (Mobile) appeals the trial court's decision to grant to defendant-appellee Anilas Corporation (Anilas) $1250 in costs and attorneys fees incurred in preparing for this lawsuit.

Pertinent facts leading up to the lawsuit include the following. In 1970 Mobile leased from Anilas a self-contained washing unit manufactured by Power Vac, Inc. (Power Vac).[1] The agreement

---

* Honorable James R. Durfee, Court of Claims, sitting by designation.

1. The unit consisted of a custom-made washing and cleaning apparatus resting on a two-and-one-half ton truck.

provided Mobile with a five year lease and the option to purchase the unit when the lease expired. The lease also provided that Mobile would indemnify and hold Anilas harmless from any and all liabilities resulting from use of the truck.[2]

On February 11, 1972, Eugene Gaiters, an employee of Mobile, was driving the washing unit along a four lane highway in Tulsa County, Oklahoma, when another vehicle suddenly swerved into his lane. Gaiters applied the brakes and heard a loud "pop" in the rear of the vehicle; thereafter the vehicle went out of control and turned over, causing extensive injuries to Gaiters and damaging the truck.

A suit was filed by Mobile and by Gaiters against Anilas and Power Vac. Subsequently plaintiffs obtained a satisfactory offer of settlement from Power Vac and sought an Order of Dismissal with prejudice against both defendants. Anilas then filed its application to tax costs and attorneys fees citing as its reasons the above stated indemnification clause and an Oklahoma statute which allows attorneys fees to the prevailing party in certain cases. Anilas' motion was granted.

On appeal Anilas justifies the costs and attorneys fees on two grounds: (1) Rule 54(d), F.R.Civ.P., and other statutory authority allow costs to the prevailing party; and (2) the lease purchase contract expressly provides indemnification for actions arising out of the use or operation of the washing unit. We do not agree and accordingly reverse.

■ Rule 54(d)[3] and 12 Okla.Stat. § 936 allow costs to the prevailing party in civil actions. We do not believe, however, that Anilas is a "prevailing party" as meant by the statutes. Generally a prevailing party is the party in whose favor judgment is rendered by the district court. S. A. Hirsh Mfg. Co. v. Childs, 157 F.Supp. 183 (W.D.Pa.1957); Nash v. Raun, 67 F.Supp. 212 (W.D.Pa. 1946); 6 Moore's Federal Practice ¶ 54.70[4]. Judgment, however, was not entered in Anilas' favor. Mobile elected to settle with Power Vac rather than go to court against both co-defendants and by no stretch of the imagination can we see where settlement between plaintiff and one co-defendant transforms the other co-defendant into a prevailing party.

■ Anilas suggests that where a plaintiff voluntarily dismisses an action the defendant is entitled to recover costs. While this is an accurate statement of law with respect to dismissal of actions without prejudice, the court lacks power to allow costs, barring exceptional circumstances, if the dismissal is with prejudice. Smoot v. Fox, 353 F. 2d 830 (6th Cir. 1965), cert. den'd 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361; 9 Wright & Miller, Federal Practice and Procedure, § 2366. We do not believe Anilas has presented any exceptional circumstances warranting allowance of costs. See Lawrence v. Fuld, 32 F.R.D. 329 (D.Md.1963).

■ Anilas also relies on the lease-purchase agreement for justifying the trial court decision. Before Anilas could rely on this contract provision, however, it must have filed a counterclaim as required by Rule 13(a), F.R.Civ.P. Its failure to follow the mandates of Rule

2. Lessee agrees to and does hereby indemnify and hold Lessor harmless of, from and against all claims, costs, expenses, damages and liabilities, including reasonable attorney fees resulting from or pertaining to the use or operation of the property during the term of this agreement and while said property is in possession of the Lessee.

3. Rule 54(d) Costs. Except where express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs; . . . .

12 O.S. § 936. In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or the contract which is subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

13(a) precludes its reliance on the lease-purchase agreement in the instant action.

Because the court had no authority by statute or rule to award Anilas costs; because Anilas is not a prevailing party; and because Anilas did not file a counterclaim before dismissal of the action, we reverse the trial court's decision.