## VERMONT LOW INCOME ADVOCACY COUNCIL

v.

### John DUNLOP, Secretary of the United States Department of Labor.

#### Civ. No. 75–247.

United States District Court,
D. Vermont.

March 30, 1976.

Michael H. Lipson, Vermont Legal Aid, Inc., Burlington, Vt., for plaintiff.

Jerome F. O'Neill, Asst. U. S. Atty, Rutland, Vt., for defendant.

### MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

The question presented to the court is the plaintiff's motion for an award of costs and attorney's fees in this proceeding under the Freedom of Information Act (FOIA).[1] Initially the Secretary denied the plaintiff's request for disclosure of certain records of

1. Pub.L. 93–502, §§ 1–3, Nov. 21, 1974, 88 Stat. 1561 codified as 5 U.S.C. § 552 (Supp. IV 1974).

the Department of Labor. Shortly after the suit was filed the Secretary supplied the plaintiff with a substantial amount of the information sought. The only issue remaining in the action is the propriety of an award of costs and counsel fees under 5 U.S.C. § 552(a)(4) (Supp. IV, 1974).

Plaintiff is a non-profit Vermont corporation organized for the purpose of advocating the rights of low-income, unemployed and underemployed Vermont residents. During 1974 and 1975 the plaintiff was active in attempting to persuade the defendant that certification of foreign labor to pick the Vermont apple crop was unnecessary, since it deprived local workers of needed job opportunities.

On August 28, 1975, the plaintiff requested "all records, reports or documents prepared by the Department of Labor in connection with on-site evaluations of all Vermont apple growers' efforts to recruit domestic labor to pick the 1975 apple harvest prepared at any time during the period May-July 1975." The request was denied by the defendant's letter dated September 8, 1975, on the ground that the requested material was exempt "intra-agency memoranda" within 5 U.S.C. § 552(b)(5) (Supp. IV 1974). The denial was not accompanied by any explanation concerning how the exemption claimed applied to the material withheld, as required by 29 C.F.R. § 70.49. On September 16, 1975, the plaintiff appealed from the denial. The letter was acknowledged by the office of the Solicitor on October 2, 1975. The communication advised the plaintiff that before a determination could be made, it was necessary to obtain the record from the Regional Office and a reply would be mailed on or before October 22, 1975. On October 30 the plaintiff's attorney inquired of the status of the appeal and advised the defendant that suit would be commenced to compel the production of the requested information unless it was received by November 6, 1975.

By telegram transmitted on November 6 the Solicitor informed plaintiff's attorney that the file had not been received from the Regional Office. The telegram requested plaintiff's counsel to provide his telephone number where he could be reached in order that the Solicitor's office could discuss the problem. Because the Boston office erroneously transmitted the records for September-October, 1975, the correct records for the May-July period were not received by the Solicitor until December 9, 1975.

In the interim the statutory time for administrative action expired; the plaintiff instituted the present action on November 12, 1975, seeking preliminary and permanent injunctive relief to compel production of the records. On or about December 16, 1975, the plaintiff's attorney was notified by telephone that the Solicitor would grant the appeal. On December 17, 1975, the plaintiff moved for summary judgment. Before the motion was set for hearing the defendant supplied the records requested with some deletions which the Solicitor considered justified on the ground that disclosure would constitute "a clearly unwarranted invasion of the personal privacy of certain employees." On January 12, 1976, the plaintiff informed the clerk of the court that since it had received the information demanded of the defendant, the motion for summary judgment was withdrawn. The notice was accompanied by the present motion for counsel fees and costs.

In passing on the plaintiff's motion, we must first consider whether an award of costs and attorney's fees is appropriate in this particular case; if so, in what amount. The statutory provision governing attorney's fees and costs in FOIA actions provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E) (Supp. IV 1974). Since the statute has only been in effect since November 21, 1974, there have been limited occasions for judicial construction.

The House of Representatives and the Senate, following conflicting votes on the 1974 amendments to the FOIA, recom-

mended in joint conference that a compromise be struck between the House and Senate Bills regarding counsel fees in FOIA cases:

> The House bill provided that a Federal court may, in its discretion, assess reasonable attorney fees and other litigation costs reasonably incurred by the complainant in Freedom of Information cases in which the Federal Government had not prevailed.

> The Senate amendment also contained a similar provision applying to cases in which the complainant had "substantially prevailed," but added certain criteria for consideration by the court in making such awards, including the benefit to the public deriving from the case, the commercial benefit to the complainant and the nature of his interest in the Federal records sought, and whether the Government's withholding of the records sought had "a reasonable basis in law."

> The conference substitute follows the Senate amendment, except that the statutory criteria for court award of attorney fees and litigation costs were eliminated. By eliminating these criteria the conferees do not intend to make the award of attorney fees automatic or to preclude the courts, in exercising their discretion as to awarding such fees, to take into consideration such criteria. Instead, the conferees believe that because the existing body of law on the award of attorney fees recognizes such factors, a statement of the criteria may be too delimiting and is unnecessary.

1974 U.S.Code Cong. & Admin.News, 93d Cong. 2d Sess., pp. 6267, 6288. Both the earlier House and Senate Committee Reports indicated the congressional understanding that the allowance of attorney's fees in FOIA cases would be desirable in advancing the import policy considerations underlying the FOIA. See S.Rep.93–584, 93d Cong., 2d Sess. (March 16, 1974), and H.Rep.93–876, 93d Cong. 2d Sess. (March 5, 1974) (reprinted at 1974 U.S.Code Cong. & Admin.News, p. 6267).

In support of its claim for an award, the plaintiff places principal reliance on two decisions of the Supreme Court in the area of racial discrimination litigation. In *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), the Court held that the counsel fee provisions of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b),[2] should be applied so that "one who succeeds in obtaining an injunction under that Title should ordinarily recover an attorney's fees unless special circumstances would render such an award unjust." 390 U.S. at 402, 88 S.Ct. at 966. Confronted with the same question, but this time in the context of the counsel fee provision of the Emergency School Aid Act of 1972, 20 U.S.C. § 1617, the Court in *Northcross v. Board of Education,* 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) applied the *Newman* standard in granting attorney's fees under that Act. The Court's rationale for its liberal reading of these statutes is that the award of counsel fees encourages private enforcement of the Acts, and private enforcement vindicates the policy underlying the Acts, the elimination of racial discrimination. *Compare Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

It is noteworthy that in both *Newman* and *Northcross* the claimants had successfully prosecuted their actions for injunctive relief. In the instant case the defendant has voluntarily relinquished the material which was the object of the litigation. Here the court's jurisdiction under the Act has been invoked, but never exercised.

The assessment of counsel fees and costs under 5 U.S.C. § 552(a)(4)(E) is available in the court's discretion to a complainant who has "substantially prevailed." In differing

---

**2.** The attorney's fees provision of the Civil Rights Act of 1964 is worded substantially the same as its FOIA analog:

> In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs, and the United States shall be liable for costs the same as a private person.

**346**

contexts a prevailing party is generally held to be "the party in whose favor judgment is rendered . . . ." *Mobile Power Enterprises, Inc. v. Power-Vac, Inc.*, 496 F.2d 1311, 1312 (10th Cir. 1974). And an election to favorably settle an action does not transform a compromising litigant into a prevailing party. *Id.* To hold otherwise would tend to discourage voluntary compliance after judicial review is undertaken. Such a course would work against the policy of the Act.

Here the plaintiff asserted its complaint in proper administrative proceedings. In the first instance the information was withheld on what may have been an erroneous interpretation of the recent statute. On appeal the administrative decision was delayed until the correct requested material could be retrieved from the regional office. While the delay generated the present litigation, as soon as the defendant discovered the plaintiff was lawfully entitled to a part of the records, the appropriate material was supplied. Certain material was withheld, apparently with some legal justification. In any event, there is nothing this court has done to grant the plaintiff the relief prayed for in the complaint. There has been no judicial action to establish the plaintiff as the prevailing party. The plaintiff's motion for an award of attorney's fees and costs will be denied and the action dismissed. *See Mello v. Secretary of Health, Education and Welfare*, 8 EED ¶ 9620, p. 56–57 (D.D.C.1974). The Clerk will enter an order accordingly.

SO ORDERED.