**MAXWELL BROADCASTING CORPORATION and James T. Maxwell**

v.

**FEDERAL BUREAU OF INVESTIGATION.**

No. CA 3–75–0318–F.

United States District Court,
N. D. Texas,
Dallas Division.

May 16, 1980.

James T. Maxwell, pro se.

Kenneth J. Mighell, U.S. Atty., and Stafford Hutchinson, Asst. U.S. Atty., Dallas, for defendant.

## ORDER

ROBERT W. PORTER, District Judge.

Plaintiffs brought this suit under the aegis of the Freedom of Information Act, 5 U.S.C. § 552, seeking release of documents relating to an investigation by a newsman employed by plaintiffs' competitor and to activities of the Texas Air National Guard. Earlier orders by this Court direct the release of certain of the documents at issue. Mr. Maxwell has filed a motion for assessment of litigation costs under the Act. For the reasons set forth below, I conclude that such assessment is inappropriate, and therefore I deny the motion.

The FOIA permits certain assessments through section 552(a)(4)(E), which provides:

> [T]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E). As a threshold issue to my decision, I consider whether the statutory language is satisfied to entitle the Plaintiff to consideration for an award under this subsection.

There is no serious dispute that the Plaintiff has substantially prevailed in this suit. There is present sufficient causative relationship between the suit and delivery of information. *Exner v. FBI*, 443 F.Supp. 1349 (S.D.Cal.1978). The Plaintiff has been successful in securing the Court's order to release a significant number of documents withheld by the FBI and has satisfied the language of the provision.[1]

Posing a real controversy are the parties' positions regarding permissible costs under the statute. Mr. Maxwell has offered by affidavit a list of expenses incurred by him as costs in the litigation of this action. His out-of-pocket expenses aggregate the sum of $818.34, and are not here challenged by

---

1. Whether, given the brief time period of administrative proceedings, this action could be regarded as reasonably necessary is open to question, however. *Vermont Low Income Advocacy Council, Inc. v. Dunlop*, 71 F.R.D. 343 (D.Vt.), aff'd sub nom. *See Vermont Low Income Advocacy Council v. Usery*, 546 F.2d 509 (2d Cir. 1976).

the FBI as proper reimbursement items where a complainant is otherwise entitled to an award under the FOIA. 28 U.S.C. § 1920.

The Government does contest, however, Mr. Maxwell's claim to $11,910.00 as an award for his services rendered pro se in this action. Mr. Maxwell is not a licensed attorney and has engaged no counsel to represent him or Maxwell Broadcasting Corporation in this action. Mr. Maxwell nonetheless contends that almost 200 hours of his time should be compensated at the rate of and as if rendered by an attorney.

■ My review of the legislative history and judicial interpretation of section 552(a)(4)(E) convinces me that the subsection was not intended to reward FOIA plaintiffs who represent themselves and who have expended no out-of-pocket sums for legal representation. *Burke v. United States Department of Justice*, 559 F.2d 1182 (10th Cir. 1977).[2] I therefore decline to follow the reasoning expressed in certain cases from the District of Columbia Circuit that have reached a contrary result.[3] Recognition of the purposes of this provision, which encourage exercise of rights under the Act as well as deterrence of agencies from unnecessarily withholding information, is not diminished by my conclusion. Rather, it appears that the award specifically authorized by this subsection expresses Congress' desire that FOIA complainants with meritorious requests not be deterred from the legitimate pursuit of information

by the usual legal expenses attendant to litigation. This concern does not extend to authorize monetary assessment against the Government where no like expense has been incurred by the complainant.[4]

■ It is evident, therefore, that section 552(a)(4)(E) renders eligible for award only that amount representing actual litigation costs paid by Mr. Maxwell in this action. Even if Mr. Maxwell could also recover for pro se services under the provision, however, such an award would not be appropriate in this case. Eligibility does not mean entitlement. *Cox v. United States Department of Justice*, 601 F.2d 1 (D.C.Cir. 1979). *See also Long v. Internal Revenue Service*, 596 F.2d 362, 370 (9th Cir. 1979). Unlike an award of such fees in civil rights litigation, there is no presumption in favor of an award under subsection 552(a)(4)(E). *Chamberlain v. Kurtz*, 589 F.2d 827, 842 (5th Cir. 1979). Congress did not mandate awards for all successful litigants, but rested the decision in the trial court's discretion, to be guided by the following central criteria:

(1) The benefit to the public deriving from the case;

(2) The commercial benefit to the complainant;

(3) The nature of the complainant's interest in the federal records sought; and

(4) Whether the government's withholding of the records sought had a reasonable basis in law.

---

2. In addition to the clear references to the provision in the legislative history of the Act, which reflect a desire to reimburse for actual expenses, I am not unaware of the doctrine of restrictive construction of sovereign waivers of immunity. An award of the nature sought by Mr. Maxwell is not expressly provided by statute. 28 U.S.C. § 2412. *See also* Rule 54(d) *F.R.Civ.P.*, providing that "costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law."

3. Cases extending the statute to permit pro se fee awards may nonetheless require an accompanying finding that the complainant has rendered a substantial social service. *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C.Cir. 1977). My finding *infra* at pages 3 and 4 would suggest that Mr. Maxwell would receive no award

in any jurisdiction considering this provision. *Compare Anderson v. Department of Treasury*, No. 78–1085 (D.C.Cir. 1979) (Privacy Act provision enacted not to reward but to remove barrier of costs of litigation) *with Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 711 (D.C.Cir. 1977) (FOIA subsection not to reward successful litigant but to remove administrative resistance to disclosure).

4. Because of my conclusion that section 552(a)(4)(E) does not authorize an award to pro se complainants who have incurred no attorneys fee expense, it is unnecessary to ponder the obvious difficulties of ascertaining a correct monetary value for time and services expended.

*Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978), *citing S. Rep. No.* 1200, 93d Cong. 2d Sess. (1974); *U.S.Code Cong. & Ad.News* 6267, 6288.[5] *See generally K. Davis, Administrative Law Treatise* § 5:24 (Supp.1980).

My analysis of the first factor includes a consideration of the degree of dissemination and likely public impact that might be expected from disclosure of the documents. Favorable consideration is warranted where the disclosure can be viewed as adding to the fund of information that citizens may use in making vital political choices. *Blue, supra*, 570 F.2d at 533–34. Mr. Maxwell has argued that his suit satisfies the first criterion by rendering a substantial public service through "bringing the FBI into compliance with the Congressional policy underlying the Freedom of Information Act, and by effecting the release of previously undisclosed information reflecting questionable practices by other public officials, including their efforts to prevent public disclosure of such information by the news media." The first ground asserted, of course, is not unique to this suit, but is present in some measure in each case in which disclosure is realized through successful FOIA suits. *See id.* at 533.[6]

The second argument of public disclosure of officials' arguably improper conduct is lacking in merit. Although the public may receive some benefit from disclosure from irregularities in recruitment of the Texas Air National Guard, it is by no means clear that dissemination is likely in this case. Moreover, the documents sought and produced focus upon the investigative means utilized. Release of the information does not evidence a substantial contribution to the public interest. *Campbell v. United States Civil Service Commission*, 539 F.2d 58, 62 (10th Cir. 1976). *See also Nix v. United States*, 572 F.2d 998 (4th Cir. 1978).[7]

In connection with the second and third criteria, this circuit has noted the legislative preference for "public interest groups, indigents, and disinterested scholars over private commercial enterprises' efforts for disclosure." *Blue, supra*, 570 F.2d at 534. It is quite apparent that Mr. Maxwell was motivated to bring this suit by his interest in and hope of commercial benefit. *See Pope v. United States*, 421 F.Supp. 962, 966 (S.D.Tex.1977), *aff'd* 585 F.2d 802 (5th Cir. 1978). At the time of the request, Maxwell Broadcasting Corporation had pending its application before the Federal Communications Commission competing for licenses then held by the Belo Broadcasting Corporation. Mr. Maxwell admits his purpose for obtaining the records in this proceeding was to forward the information to the FCC as support for his claim that Belo's station, WFAA, had suppressed the information in contravention of the public interest. Mr. Maxwell sought to affect negatively that agency's decision whether to renew WFAA's license, thereby enhancing the position of Maxwell Broadcasting as a licensee applicant and potential substitute for WFAA.[8] Mr. Maxwell has sought to lessen the force of circumstances present at the inception of his suit by arguing that any

---

5. Along with these four principal criteria, the court's discretion may also be guided by reference to prior caselaw recognizing equitable entitlement to attorneys fees. *Blue, supra*, 570 F.2d at 531–32, 533. Even were attorneys fees properly in issue, I do not share Mr. Maxwell's view that the FBI acted in bad faith. Consequently, I will not award fees as a penalty for obdurate behavior. *Id.*

6. The *Blue* decision announced this circuit's agreement with the D.C. Circuit that the successful FOIA plaintiff also acts in some degree for the benefit of the public, both by bringing government into compliance with FOIA disclosure policy and by securing for the public at large "the benefits assumed to flow from public disclosure of government information." *Blue, supra*, 570 F.2d at 533, *citing Cuneo v. Rumsfeld*, 553 F.2d 1360, 1367 (D.C.Cir. 1977).

7. The complainant in *Nix* brought suit to supplement discovery proceedings in a section 1983 action. This case presents similarities in motivation, through Mr. Maxwell's desire to discover information that would affect administrative licensing procedures, in which he stood to be indirectly affected by such disclosure.

8. Mr. Maxwell's purpose was articulated within six weeks of the filing of this action. *See* Plaintiffs' "Brief on Relevance of Discovery" at 1.

commercial interest then present was shifted in nature in 1978, when the FCC denied Maxwell Broadcasting's application. He does not, however, claim that at the time the FOIA request was made and during the greater part of this judicial proceeding he was actively seeking a broadcast license. *Cf., Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704, 715 (D.C.Cir. 1977). His standing cannot be characterized as akin to that of a private attorney general. *Cf., Flower v. Federal Bureau of Investigation,* 448 F.Supp. 567, 574 (W.D. Tex.1978). The record demonstrates that the desire for vindication of FOIA rights at issue in this case was insured by motivation of self-interest in hope of eventual pecuniary advantage. *Polynesian Cultural Center v. NRLB,* 600 F.2d 1327, 1330 (9th Cir. 1979).[9] No added incentive was required. *Luzaich v. United States,* 435 F.Supp. 31 (D.Minn.) *aff'd* 564 F.2d 101 (8th Cir. 1977). Although I do not regard any one factor as dispositive of the issue, the second and third factors clearly weigh heavily against an award of fees.

The FBI's withholding of the records sought had a reasonable basis in law. Although the characterization given them by the FBI did not win ultimate favor with this Court, I cannot find that the Government's position was unreasonable under the case law. Its behavior instead was consistent with the position that the documents were subject to exemptions under section 552(b) and does not warrant a finding of impropriety. *Pope, supra,* 421 F.Supp. at 966. The FBI's position offered a colorable basis in law, for which the disputed docu-

ments were at least arguably supported by the exemptions claimed. *Kaye v. Burns,* 411 F.Supp. 897 (S.D.N.Y.1976). The record does not reflect that the documents were withheld to avoid embarrassment or to thwart the complainants. *Pope, supra.*[10]

Having weighed the arguments of the parties and the record in this case against the criteria noted above, I assess the relationship between the requested information and the status of the requesting party to warrant denial of an award in this action. Consequently, the Plaintiff's motion for assessment of costs is denied. Because resolution of this motion concludes all matters outstanding in this case, it is hereby ORDERED that judgment be entered for the Plaintiffs and that this action be dismissed, with costs to be taxed against Defendant pursuant to 28 U.S.C. § 2412.[11]

---

**9.** Merely because Mr. Maxwell's business is broadcasting does not cloak his motivation with the mantle of "news interest". Rather, he fits squarely within the category of a business using the FOIA to obtain information relating to a competitor. *Nationwide Building Maintenance, Inc., supra,* 559 F.2d at 712 *quoting S.* Rep. No. 93–854 at 19. In the context of the Senate Hearings discussions, the refusal to characterize news interests as a commercial interest denotes Congress' contemplation of a newsman seeking information for publication. *Id. See Goldstein v. Levi,* 415 F.Supp. 303, 305 (D.C.1976). Mr. Maxwell's motivation was otherwise.

**10.** Moreover, any technical delay during the administrative process does not necessarily bar rejection of a fee award. *See Vermont Low Income Advocacy Council, Inc., supra.* This is not a case in which the complainant attempted through lengthy administrative delay to request documents before being relegated to suit in district court. *Cf., Goldstein, supra.*

**11.** *See* 36 A.L.R.Fed. 530, § 6(b) n. 13, remarking upon the statutory overlap of sections 552(a)(4)(E) and 2412 regarding taxation of costs against the Government.