986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy P. NOLEN, Plaintiff-Appellee,
v.
HENDERSON NATIONAL CORPORATION, doing business as Los
Cuartos Inns, Defendant-Appellee,
v.
GROUP HEALTH SERVICE OF OKLAHOMA, doing business as Blue
Cross and Blue Shield of Oklahoma,
Third-Party-Defendant-Appellant.
 No. 91-6299.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 1
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 LEWIS T. BABCOCK, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 5
 Group Health Service of Oklahoma, Inc., d/b/a Blue Cross and Blue Shield of Oklahoma (Blue Cross) appeals from the district court's dismissal of its "cross/counter-claim" and denial of its motion for attorneys' fees and costs, which Blue Cross asserted under a variety of theories. We affirm.
 
 
 6
 Plaintiff Timothy P. Nolen was injured in an accident and sought coverage for his injuries under his employer's group health insurance plan that Blue Cross provided. Blue Cross denied his claim on the basis that he was not covered by its plan when the accident occurred. Nolen then filed suit in Oklahoma state court against defendant and third-party plaintiff Henderson National Corporation, parent corporation of his employer. He asserted that Henderson was negligent and breached a legal duty by not making him aware of his right to apply for the Blue Cross plan so he would have been covered for the accident. (Nolen also brought a separate state court action on the same grounds against his employer and Henderson's subsidiary, Los Cuartos Inns of America, Inc.) Henderson filed a third-party action against Blue Cross, and because that action raised issues involving the Employee Retirement Income Security Act of 1974 (ERISA), Blue Cross removed the case to federal court in November 1990. On January 30, 1991, Nolen filed an amended complaint and asserted claims against Blue Cross. In its answer, Blue Cross asserted a "cross/counter-claim" against Nolen and Henderson.
 
 
 7
 On March 26, 1991, after receiving a settlement payment from Henderson's liability insurer, Nolen executed a release of claims against all parties including Henderson and Blue Cross. On May 31, Nolen filed a motion to dismiss on the basis that his claims had been settled. In its initial response to this motion, Blue Cross requested the district court to dismiss all claims asserted against it with prejudice and objected to any dismissal without prejudice, stating that Nolen but not Henderson had agreed to a dismissal with prejudice. Blue Cross later amended its response and stated that it would not agree to any dismissal without prejudice and would not waive or prejudice its right to seek attorneys' fees and costs. The district court directed Henderson to state to the court in writing whether it would assert any claims against Blue Cross, and Henderson responded that "it does not now intend to pursue any claim" against Blue Cross. Before Henderson responded, Blue Cross filed a motion for judgment and for costs and attorneys' fees under a variety of theories.
 
 
 8
 On July 22, 1991, the district court granted Nolen's motion to dismiss and dismissed all claims, including Blue Cross's, with prejudice. Blue Cross filed a notice of appeal of that order. On August 21, the district court determined that its dismissal order rendered part of Blue Cross's motion for judgment, costs, and attorneys' fees moot; the court denied the remainder of the motion. Blue Cross filed a second notice of appeal pertaining to that order.
 
 
 9
 On appeal, Blue Cross argues first that the district court erred by dismissing its claim over its objections, and second that its claim for attorneys' fees and costs is valid under one theory or another and should have been granted. Because whether the district court's dismissal of Blue Cross's claim for fees and costs was correct depends on the validity of the claim, Blue Cross's arguments are intertwined.
 
 
 10
 Blue Cross's "cross/counter-claim" stated in relevant part that:
 
 
 11
 the joinder as a party and the claims and causes of action asserted against Blue Cross are without legal merit and clearly in bad faith for which Blue Cross prays judgment for costs, attorney fees, and other relief to which it may be entitled.
 
 
 12
 Appellant's App. at 94.
 
 
 13
 The district court granted Nolen's motion to dismiss pursuant to Fed.R.Civ.P. 41(a)(2). That rule provides in part that "[i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent reasons." Of course, the defendant's counterclaim must be a proper claim to survive dismissal. See Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir.1980) (objection premised upon improper counterclaim cannot prevent dismissal under Rule 41(a)(2) because counterclaim not entitled to independent adjudication); 5 James W. Moore Federal Practice p 41.09, p. 41-100 (1992). We must therefore determine whether Blue Cross's demand for attorneys' fees and costs asserts a valid and independent cause of action.
 
 
 14
 Blue Cross contends that it is entitled to fees and costs under a variety of theories. It stated in its motion for judgment that
 
 
 15
 There was no basis for claims or cause of action against this defendant from the very beginning. Accordingly, a dismissal on the merits, or judgment pursuant to Rules 12, 41, or 56 should be entered, and any such judgment or dismissals should include costs and attorney fees incurred in the defense of this action. The award of costs and attorney fees can be further authorized under Rule 41 as a condition of dismissal, under Rule 11 as a sanction, under the ERISA statutes as a prevailing party (29 U.S.C. § 1132), and/or pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings, per Rule 55 through default, or under the inherent power of the Honorable Court.
 
 
 16
 Appellant's App. at 154-55. Blue Cross repeats these contentions on appeal. However, in neither its motion for judgment nor its appellate briefs does Blue Cross assert that any of these "grounds" is a particular independent cause of action. Blue Cross's claim contends only that the claims Nolen and Henderson asserted against it are "without legal merit and clearly in bad faith" entitling it to fees and costs.
 
 
 17
 In their joint response brief, Nolen and Henderson assume that Blue Cross is attempting to assert a malicious prosecution claim, which they claim fails primarily because of prematurity. In its reply brief, Blue Cross stated that "[a]lthough Blue Cross has not confined its cross/counterclaim to a common law malicious prosecution theory under Oklahoma state law, it is clear that such a theory is viable." Appellant's Reply Brief at 10. Because Blue Cross failed to argue in its opening brief that the district court erred by not recognizing its claim as a valid malicious prosecution claim, we decline to consider Blue Cross's backhanded attempt to make that argument. See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992) (refusing to address argument first made in reply brief).
 
 
 18
 The only other potentially valid basis for an independent cause of action in Blue Cross's laundry list of grounds is its request for sanctions under Rule 11. However, courts do not appear to allow Rule 11 to form a basis for a counterclaim, but instead allow Rule 11 sanctions only upon motion. See Sound Video Unlimited, Inc. v. Video Shack Inc., 700 F.Supp. 127, 149 (S.D.N.Y.1988) (barring counterclaim for "baseless litigation;" Rule 11 claim "is not properly interposed as a counterclaim in the litigation" but should be made by motion at conclusion of case); Lenoir v. Tannehill, 660 F.Supp. 42, 44 (S.D.Miss.1986) (finding that Rule 11 clearly permits claim for sanctions only through a motion and that it does not create "a bad faith type tort claim in favor of a party who has been subjected to frivolous harassing or vexatious litigation"); cf. Official Airline Guides, Inc. v. Churchfield Publications, Inc., 756 F.Supp. 1393, 1406 (D.Or.1990) (refusing to dismiss as premature a counterclaim that had been re-raised as a post-trial motion for sanctions). In any event, the district court addressed Blue Cross's request for Rule 11 sanctions in its second order concerning Blue Cross's motion for judgment. We therefore need not decide whether Rule 11 provides a basis for Blue Cross's counterclaim sufficient for it to survive Rule 41(a)(2) dismissal because that issue is moot.
 
 
 19
 We next turn to the various theories contained in Blue Cross's motion that it contends support an award of fees and costs.
 
 Rules 12 and 56
 
 20
 Blue Cross argues that Rules 12 and 56 entitle it to judgment because "[n]either Henderson nor Nolen stated a claim for relief or established a genuine issue of material fact as to the purported liability of Blue Cross." Appellant's Brief at 19. The district court found this argument to be moot in light of its dismissal of the case. We agree. Moreover, Blue Cross does not explain, nor do we understand, how judgment pursuant to these rules would entitle it to fees and costs.
 
 Rule 55
 
 21
 Blue Cross claims that because both Nolen and Henderson failed to answer its counterclaim, it is entitled to judgment by default for its fees and costs under Rule 55. The district court also dismissed this argument as moot. We agree because implicit in the district court's orders is its determination that Blue Cross's claim for fees and costs did not state an independent cause of action.
 
 Rule 41
 
 22
 Blue Cross contends that the district court should have awarded it fees and costs as a condition of dismissal under Rule 41(a)(2). The district court held that costs were available under Rule 41 only " '[i]f a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant....' " Appellant's App. at 307 (quoting Rule 41(d)). Because that specific test did not apply in this situation, the district court refused to award costs to Blue Cross under Rule 41. The district court did not address the award of fees, apparently because no section of Rule 41 specifically addressed fees awards.
 
 
 23
 We agree with the district court that Rule 41 does not support Blue Cross's claim, but for different reasons. Though a defendant may recover fees and costs with respect to a dismissal without prejudice, it cannot recover them where the dismissal is with prejudice barring exceptional circumstances. See Mobile Power Enters., Inc. v. Power Vac, Inc., 496 F.2d 1311, 1312 (10th Cir.1974); Colombrito v. Kelly, 764 F.2d 122, 133-34 (2d Cir.1985) (explaining basis for rule); 5 James W. Moore Federal Practice p 41.06, p. 41-77 (1992). The dismissal here was with prejudice, and we do not find any exceptional circumstances justifying an award of fees and costs.
 
 29 U.S.C. § 1132
 
 24
 Blue Cross argues that it is the prevailing party in this case and that ERISA allows it to recover its fees and costs under 29 U.S.C. § 1132(g)(1). ERISA does authorize recovery of fees and costs, but only to a party who has at least partially prevailed. See Morgan v. Independent Drivers Ass'n Pension Plan, 975 F.2d 1467, 1471 (10th Cir.1992); cf. Anderson v. Emergency Medicine Assocs., 860 F.2d 987, 992 (10th Cir.1988). This case was dismissed after Nolen settled with Henderson's liability insurer and with no payment or other consideration from Blue Cross. Blue Cross is not a prevailing party in this situation. See Mobile Power, 496 F.2d at 1312 ("by no stretch of the imagination can we see where settlement between plaintiff and one co-defendant transforms the other co-defendant into a prevailing party"). It is therefore not entitled to fees and costs under 29 U.S.C. § 1132.
 
 Rule 11
 
 25
 Contrary to Blue Cross's contention that the standard of review for Rule 11 issues "is one of law," Appellant's Brief at 13, we review all aspects of a district court's decision whether to award sanctions under an abuse of discretion standard. Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992); Hughes v. City of Fort Collins, 926 F.2d 986, 988-89 (10th Cir.1991). " 'Deference to the determination of courts on the front lines of litigation will enhance these courts' ability to control the litigants before them.' " Hughes, 926 F.2d at 988 (quoting Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2460 (1990)). We do not believe that the district court abused its discretion in denying Blue Cross's request for Rule 11 sanctions.
 
 28 U.S.C. § 1927
 
 26
 Fees and costs may be awarded under 28 U.S.C. § 1927 when an attorney "multiplies the proceedings in a case unreasonably or vexatiously." Such an award should be made "only in instances evidencing a 'serious and standard disregard for the orderly process of justice,' " which is an "extreme standard." White v. American Airlines, Inc., 915 F.2d 1414, 1427 (10th Cir.1990) (citations omitted). As with Rule 11 sanctions, we review a district court's decision whether to award § 1927 sanctions for abuse of discretion. O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 903 (10th Cir.1992). The district court found no evidence that Henderson's and Nolen's attorneys acted "unreasonably" or "vexatiously" and declined to award sanctions under § 1927. The district court did not abuse its discretion in declining to award § 1927 sanctions.
 
 Inherent power of the court
 
 27
 A court has the discretion to award attorneys' fees against a party who has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " White, 915 F.2d at 1427 n. 11 ( quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (quoting F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129 (1974))). The district court did not explicitly rule on Blue Cross's argument that the court should award it fees and costs using its inherent power. However, implicit in the court's order was its determination not to use this power to award fees and costs to Blue Cross. We see no error in the court's determination.
 
 
 28
 Nolen and Henderson contend that Blue Cross's appeal is frivolous and have requested damages and costs pursuant to Fed.R.App.P. 38. We do not find this appeal to assert the type of frivolous claim that would justify a Fed.R.App.P. 38 award. See Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987) (appeal is frivolous when arguments of error are wholly without merit or result is obvious). We deny the request for damages and costs.
 
 
 29
 The judgments of the United States District Court for the Western District of Oklahoma are AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3