53 F.3d 342
 130 Lab.Cas. P 11,331
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO,
LOCAL 2021, Appellant,
v.
Dan CANTRELL and Larry Holt, Appellees.
 No. 93-6037.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant International Brotherhood of Electrical Workers, Local 2021 (IBEW) appeals the order of the district court denying costs. We affirm.
 
 
 2
 Plaintiffs Dan Cantrell and Larry Holt filed an action against IBEW, alleging that IBEW had harassed them and had failed to adequately pursue their grievances against their employer. During the course of the litigation, the district court dismissed some of Cantrell and Holt's claims. See Cantrell v. International Bhd. of Elec. Workers, 860 F.Supp. 783 (W.D. Okla.1991). Shortly before the case was scheduled for trial, and after the district court issued a pretrial order, the parties notified the district court that they were conducting negotiations and expected to settle the matter. The district court issued an Administrative Closing Order. The order terminated the matter without prejudice and allowed either party to reopen the proceedings for good cause. However, the order also stated that if neither party reopened the matter within 30 days, the action would be dismissed with prejudice. Appellant's App. at 44.
 
 
 3
 The settlement negotiations failed. Instead of reopening the matter within 30 days and proceeding to trial on the remaining issues, however, Mr. Cantrell and Mr. Holt waited for the matter to be dismissed with prejudice pursuant to the administrative closing order and then appealed the earlier dismissal of charges to this court. See Cantrell v. International Bhd. of Elec. Workers, 32 F.3d 465 (10th Cir.1994) (affirming district court). After Mr. Cantrell and Mr. Holt's appeal failed, IBEW petitioned the district court for costs under Fed.R.Civ.P. 54(d)(1) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."). The district court denied the motion on the grounds that IBEW was not a "prevailing party" under Mobile Power Enters., Inc. v. Power Vac, Inc., 496 F.2d 1311, 1312 (10th Cir.1974).
 
 
 4
 On appeal, IBEW seeks to distinguish or overrule Mobile Power. In Mobile Power, the plaintiff filed an action against two defendants. When the plaintiff "obtained a satisfactory offer of settlement" from one defendant, it sought dismissal with prejudice against both defendants. Id. at 1312. After the district court dismissed the charges, the defendant who did not settle sought costs. The district court denied the motion, and the nonsettling defendant appealed to this court. We held that "the [district] court lacks power to allow costs, barring exceptional circumstances, if the dismissal is with prejudice." Id. We find this language controlling and hold that the district court did not err in applying Mobile Power.
 
 
 5
 IBEW next argues that we should overrule Mobile Power. The reasoning behind our rule in Mobile Power is simple: It encourages settlement because the plaintiff may dispose of a case without fear of being assessed costs. See Colombrito v. Kelly, 764 F.2d 122, 134 (2d Cir.1985) (discussing an award of attorney's fees). However, IBEW makes a strong argument that there is a tension between Mobile Power and Fed.R.Civ.P. 54(d) that has not escaped the critical attention of other courts. The Fifth Circuit criticized Mobile Power in Schwarz v. Folloder, 767 F.2d 125, 131 n. 8 (5th Cir.1985), and held that when a district court dismisses a matter with prejudice, the defendant is the prevailing party and "receives all that he would have received had the case been completed." Id. at 129-130; see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 2364, at 277 (2d ed.1994) (observing that a dismissal with prejudice "is a complete adjudication and a bar to a further action between the parties"). Extrapolating from these principles, the Fifth Circuit concluded that it "would be inconsistent to deny the defendant prevailing party' status" when considering whether to award costs under Fed.R.Civ.P. 54(d). Schwarz, 767 F.2d at 130 (citing Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1169-70 (5th Cir.1980)).
 
 
 6
 However, this panel must follow Mobile Power. See United States v. Rockwell, 984 F.2d 1112, 1117 (10th Cir.), cert. denied, 113 S.Ct. 2945 (1993). We therefore AFFIRM the decision of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)