B.F. KELLEY, Jr., Individually and as Trustee under the Will of Ben F. Kelley, deceased; Mildred L. Kelley, Plaintiffs–Appellees,

v.

William MICHAELS and PaineWebber, Inc.; Defendants,

Liberty Bank & Trust Company of Tulsa, N.A., in its capacity as Trustee of the Trust of Allene H. Michaels, deceased, Appellant.

No. 94–5024.

United States Court of Appeals, Tenth Circuit.

July 10, 1995.

G.W. Turner, III and Christopher S. Thrutchley of Conner & Winters, Tulsa, OK, for appellant Liberty Bank & Trust Co. of Tulsa, N.A.

James M. Sturdivant and Timothy A. Carney of Gable & Gotwals, Tulsa, OK, for plaintiffs-appellees.

Before BALDOCK and LOGAN, Circuit Judges.*

LOGAN, Circuit Judge.

Plaintiffs B.F. Kelley (individually and as a trustee under a testamentary trust) and Mildred L. Kelley (collectively the Kelleys) brought suit pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–15, to confirm an arbitration decision awarding the Kelleys monetary damages against William B. Michaels. The district court confirmed the arbitration award and exercised supplemental jurisdiction over the Kelleys' state claim seeking an equitable lien on Michaels' interest as beneficiary in a trust administered by Liberty Bank & Trust Co. as trustee. The district court rendered judgment placing a lien on Michaels' remainder interest in the trust and restrained Liberty Bank from disbursing trust assets to him before satisfying the outstanding arbitral award in favor of the Kelleys. Liberty Bank appealed, seeking to have us declare void the order imposing the equitable lien.[1]

---

* The late Honorable Juan G. Burciaga, United States District Judge, United States District Court for the District of New Mexico, sitting by designation, heard oral argument in this case but did not participate in the final decision.

1. After examining the briefs and appellate record, this panel has determined unanimously that

■ The Kelleys raise the question of our jurisdiction to consider Liberty Bank's appeal. The bank filed a notice of appeal January 11, 1994, thirty-two days after the district court entered an order granting the Kelleys' lien claim, and did not file any new notice of appeal after the court entered judgment on February 11.

■ We have no difficulty concluding that we have appellate jurisdiction. The December 10 order was not an appealable order; although it announced a decision against Liberty Bank no judgment was entered and apparently other claims were unadjudicated. When the court finally entered its judgment on February 11 it included a Fed.R.Civ.P. 54(b) certification to permit an appeal. In like circumstances we have held the premature appeal matures upon the entry of the Rule 54(b) certification. *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir.1988) (en banc). That the premature notice of appeal was filed more than thirty days after the nonfinal order it challenges is of no moment. *See* Fed.R.App.P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after the entry."); *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 272–74, 111 S.Ct. 648, 650–52, 112 L.Ed.2d 743 (1991).

■ Liberty Bank, a nondiverse defendant, argues that the district court had no jurisdiction to entertain the lien claim against it as trustee. It admits the issue was not raised or argued to the district court, but observes correctly that we must consider jurisdictional questions whenever they appear. This is a question of law that we review de novo. *Trustees of Colorado Pipe Indus. Pension Trust v. Howard Elec. and Mechanical, Inc.*, 909 F.2d 1379, 1382 (10th Cir. 1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 958, 112 L.Ed.2d 1046 (1991).

■ The Kelleys' addition of Liberty Bank as a party defendant was based upon

its holding an asset of Michaels–his interest as beneficiary of a trust administered by the bank. On its face this has the appearance of a simple garnishment. At least before the Judicial Improvements Act of 1990, we recognized that "[g]arnishment actions against a third party holding property of a judgment debtor have always been held to be within the ancillary 'enforcement' jurisdiction of the federal court, at least if the garnishee admits the debt." *Sandlin v. Corporate Interiors Inc.*, 972 F.2d 1212, 1216 (10th Cir.1992). An independent basis for federal jurisdiction would be required only if the claim raised new issues not arising out of the operative facts that produced the original judgment. *Id.*

The only suggestion of any new or different legal issue is in a footnote in Liberty Bank's appellate brief—that the spendthrift provisions in the trust raise construction issues of state law. We might agree if the bank had raised in the district court a nonfrivolous issue whether the spendthrift provision permitted the lien. But the appellate record submitted to us contains no such argument.

The Kelleys' amended complaint asserting the creditor's bill mentioned the spendthrift provision, noted the trust was not subject to legal process to satisfy the claims against Michaels during the trust's continuance, and sought only a lien to restrain distribution to Michaels at the time the trust might end (upon the death of Michaels' father) when Michaels would be entitled to one-half of the corpus outright if he survived. *See* App. tab 2 at 3–4. Michaels filed a motion to dismiss, supported by a brief that argued only that the state court had original jurisdiction to "construe the provisions of the Trust." *Id.* tab 4 at 2. It made no contention relative to the spendthrift clause itself, making only the following argument: "there has been no distribution of trust proceeds and ... the defendants' vested interest is not a sum certain. More important, plaintiffs ignore the primary prerequisite necessary for their transparent execution measure—a reduction of the arbi-

---

oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

We have decided Michaels' separate appeal, No. 94–5023, on the federal claim this same date. PaineWebber filed a separate appeal which has been dismissed pursuant to stipulation.

**1058**

tration award to judgment." *Id.* at 5. To support its motion to dismiss the Kelleys' claim, Liberty Bank simply adopted Michaels' brief. *Id.* at tab 7. After the district court confirmed the arbitration award and entered a final judgment for a sum certain against Michaels, it entered its judgment rejecting Michaels' and Liberty Bank's arguments.

Based on the specific facts before us, we agree with the district court that this is a simple garnishment raising no significant legal issues outside the operative facts that produced the original judgment—hence within the district court's supplemental jurisdiction—unless statutory changes in 1990 require a different result.

Congress included in the Judicial Improvements Act of 1990 a provision, 28 U.S.C. § 1367, clarifying and codifying the federal courts' supplemental jurisdiction. The impetus, in part, was a recognition that recent Supreme Court decisions had cast doubt on the authority of federal courts to hear some claims within supplemental jurisdiction. *See* H.R.Rep. No. 101–734, 101st Cong., 2d Sess. 28, *reprinted in* 1990 U.S.C.C.A.N. 6873–76; *see also Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (denying jurisdiction by a plaintiff against additional, nondiverse defendant over a claim related to the underlying federal action); *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.,* 893 F.2d 1155, 1160 n. 3 (10th Cir.), *cert. denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990) (discussing the case law). Section 1367 intended to supplant the related and somewhat overlapping concepts of ancillary and pendent jurisdiction, principally reinstating pre-*Finley* case law with some additional clarification. H.R.Rep. No. 101–734, *supra* at 28–29. The legislative history indicates that "[i]n federal question cases, [§ 1367] broadly authorizes the district courts to exercise supplemental jurisdiction over additional claims, including claims involving the joinder of additional parties." *Id.* at 28. Our research has turned up no evidence that Congress intended to eliminate the creditor's bill we recognized in *Sandlin* as well-settled law. *See* Fed.R.Civ.P. 69 (authorizing process to enforce a money judg-

ment by writ of execution); Denis F. McLaughlin, *The Federal Supplemental Jurisdiction Statute—A Constitutional and Statutory Analysis,* 24 *Ariz.St.L.J.* 849, 910 n. 347 (1992).

AFFIRMED.