UNITED STATES COURT OF APPEALS
**Filed 1/7/97**
FOR THE TENTH CIRCUIT

COMPUTRONICS CONSULTANTS,
INC.,

  Plaintiff-Counter-
  Defendant-Appellant,

v.

NeXT COMPUTER, INC.,

  Defendant-Counter-
  Claimant-Appellee.

No. 96-5020
(D.C. No. CV-95-50)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant, Computronics Consultants, Inc. (CCI), appeals the district court's grant of summary judgment to defendant NeXT Computer, Inc., (NeXT), on CCI's various tort claims and on NeXT's counterclaims. CCI also appeals the district court's refusal to grant a continuance in this case. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.[1]

> Summary judgment is appropriate where there is no genuine
> issue as to any material fact, and the moving party is entitled to

---

[1] NeXT filed a motion to dismiss this appeal, arguing that because CCI had filed its notice of appeal before the district court had entered a final judgment, this court lacked jurisdiction to hear the appeal. The order forming the basis of this appeal was filed on December 8, 1995, and was entered on the docket on December 11, 1995. That order, however, did not establish the amount NeXT was entitled to recover from CCI on NeXT's counterclaims. Further, no separate Rule 58 judgment had been filed at the time CCI filed its notice of appeal on January 10, 1996. NeXT argues that CCI's notice of appeal was therefore premature and ineffective. This is incorrect.

We agree that the December 8 order was not a final judgment and that CCI's notice of appeal was technically premature. However, that premature notice matured once the district court entered its Rule 58 judgment on February 7, 1996, thus vesting this court with jurisdiction. See Kelley v. Michaels, 59 F.3d 1055, 1057 (10th Cir. 1995)(holding that premature appeal matured upon entry of Rule 54(b) certification and citing Fed. R. App. P. 4(a)(2): "A notice of appeal filed after the court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after the entry.").

judgment as a matter of law. In <u>Celotex</u> [<u>Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986),] the Supreme Court stated: [t]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

A party opposing a properly supported motion for summary judgment must offer evidence, in admissible form, of specific facts, sufficient to raise a genuine issue of material fact. [T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[] Factual disputes that are irrelevant or unnecessary will not be counted.

Summary judgment is only appropriate if there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. The Supreme Court stated: [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Thus, to defeat a summary judgment motion, the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[]

In essence, the inquiry for the Court is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment.

<u>Biester v. Midwest Health Servs., Inc.</u>, 77 F.3d 1264, 1265-66 (10th Cir. 1996)(quotations and citations omitted). We review the summary judgment determination of a district court de novo. <u>Id.</u> at 1266. Our review of the district

court's refusal to grant a continuance is for abuse of discretion. See Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992).

The parties are familiar with the facts of this case, and we will not repeat them here. We view this dispute, as did the district court, as one governed entirely by the written dealer agreement executed by two sophisticated parties in an arms-length relationship. CCI's attempt to transform the legal reality here from one controlled by the terms of an enforceable contract to one somehow now ruled by the precepts of tort law is unavailing.

Specifically, we agree with the district court that there is no evidence here of any fraud or other misrepresentation, and there is no legal basis upon which to conclude that some sort of fiduciary relationship arose between the parties. Similarly, because CCI did not come forward with any defense to its failure to pay for equipment supplied by NeXT, the district court was also correct to grant summary judgment to NeXT on its counterclaims.

Finally, the district court did not abuse its discretion in refusing to grant CCI's motion for continuance. CCI's conclusory statements regarding its need for more discovery fail to satisfy the standard of Fed. R. Civ. P. 56(f) required to support such a motion. See Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993)(requiring a specific statement regarding how

additional time would enable the nonmovant to resist summary judgment and a statement as to the specific facts believed to be discoverable).

After our de novo review of the order of the district court, the briefs of the parties, and the record on appeal, we affirm the judgment of the district court for substantially the reasons stated by that court in its thorough and well-reasoned opinion of December 8, 1995.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


William F. Downes
District Judge