**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DON H. FREYMILLER,

      Plaintiff,

v.

CMS TRANSPORTATION
SERVICES, INC. and AMERITRUCK
DISTRIBUTION CORP.,

      Third-Party-Plaintiffs
      Defendants-Appellees,

v.

DAVID FREYMILLER; DENISE F.
MCARDLE; D&M CARRIERS, INC.,
d/b/a JADE EXPRESS and JADE
ENTERPRISES,

      Third-Party-
      Defendants-Appellants.

No. 98-6190
(D.C. No. CIV-96-1833-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

David Freymiller, Denise F. McArdle, and D&M Carriers, Inc. [hereinafter "appellants"] appeal from the district court's dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) and (c), of CMS Transportation Service's and AmeriTruck Distribution Corporation's [hereinafter "AmeriTruck"] claims against them. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291, and affirms in part and reverses in part.

## I.

AmeriTruck initially argues that this court lacks jurisdiction over this appeal, asserting that the order of dismissal was not a final appealable order under Federal Rule of Civil Procedure 54. Appellants were originally brought into this suit as third-party defendants by AmeriTruck.[1] AmeriTruck and the plaintiff, Don Freymiller, agreed to settle all of the claims and counterclaims between them on March 4, 1998. Based on AmeriTruck's representation that all "primary claims"

---

[1] On AmeriTruck's motion, the district court realigned appellants as parties defendant to its counterclaim against the plaintiff on November 20, 1997.

had been settled and that plaintiff and AmeriTruck would "jointly move the Court for an order dismissing with prejudice Plaintiff's claims against AmeriTruck and AmeriTruck's counterclaims against Plaintiff," AmeriTruck's Motion for Order of Dismissal, Appellants' App. at 116, the district court granted AmeriTruck's motion to voluntarily dismiss with prejudice all of AmeriTruck's claims against appellants on March 23, 1998. See Order, id. at 130. On April 7, 1998, a stipulation of dismissal with prejudice of all of AmeriTruck's claims against another third-party defendant, DFE Transportation, was entered, which ended all litigation between all parties. Appellants filed their notice of appeal on April 20, 1998. The stipulation of dismissal between plaintiff and AmeriTruck was formally entered on April 29, 1998.

Citing Rule 54(b) of the Federal Rules of Civil Procedure, Kelley v. Michaels, 59 F.3d 1055 (10th Cir. 1995), and United States v. Hardage, 982 F.2d 1491 (10th Cir. 1993), AmeriTruck argues that because the stipulation between the plaintiff and itself had not been formally entered at the time appellants appealed from the order dismissing AmeriTruck's claims against appellants, that order was not an appealable final order. In both Kelley and Hardage, the district courts acknowledged that their orders were not final by issuing Rule 54(b) certifications to permit appeals. Kelley, 59 F.3d at 1057; Hardage, 982 F.2d at 1494. Those cases are distinguishable because here, the district court relied on

-3-

AmeriTruck's assertion that all primary claims were settled as a basis for its order, and thus there was no need for the court to certify the order for appeal pursuant to Rule 54(b). When the stipulated dismissal between plaintiff and AmeriTruck was formally entered on April 29, no outstanding claims or defendants were left in the case and there was nothing further for the trial court to do. Because it was signed by all the parties left in the case at that time, the stipulation became effective without further order of the court under Fed. R. Civ. P. 41(a)(1). Kelley and Hardage are instructive in one regard, however, and that is that when a notice of appeal is premature, upon an event that fulfills the finality requirement, the notice of appeal will "ripen." See Kelley, 59 F.3d at 1057, Hardage, 982 F.2d at 1494. In this case, the notice of appeal "ripened" upon entry of the April 29 stipulated dismissal and the appeal is thus properly before this court. See Burlington N. R.R. v. Huddleston, 94 F.3d 1413, 1416 n.3 (10th Cir. 1996) ("If no question exists as to the finality of the district court's decision, the absence of a Rule 58 judgment will not prohibit appellate review."); see also Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978) (instructing that under Rule 58, an appellate court should avoid the loss of an appeal due to confusion and avoid compliance with technicalities only when the parties have assumed that the time for appeal had begun to run and proceeded accordingly); Baker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981) (stating that "judgments whose finality

-4-

would normally depend upon a Rule 54(b) certificate may be treated as final [and appealable under § 1291] if remaining claims subsequently have [ ] been finalized").

II.

On the merits, appellants argue that the district court abused its discretion by entering an order of dismissal without requiring AmeriTruck to first respond to appellants' motion for summary judgment. "Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.' This court reviews such a dismissal for an abuse of discretion." American Nat'l Bank & Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991). Appellants had filed a motion for summary judgment before AmeriTruck moved to dismiss its claims against them. Although appellants state that the district court "summarily denied" its motion for summary judgment, see Appellants' Br. at 4, a review of the record indicates that the court did not rule on the motion. AmeriTruck's response to the motion was still not yet due at the time the court entered its order of dismissal. In its response to AmeriTruck's motion to voluntarily dismiss, appellants argued that they could prove through the anticipated summary judgment responses that AmeriTruck had no evidence to support its claims against appellants and that its claims were frivolous. See Appellants' App. at 123-24. In the order of dismissal,

-5-

the district court stated that it disagreed with appellants' conclusions after having reviewed the record, and that it was not in the interest of justice to require additional expenses to pursue the motion for summary judgment. See id. at 131. We hold that the district court did not abuse its discretion by refusing to require AmeriTruck to respond to the motion for summary judgment before it ordered dismissal of the case.

III.

Appellants also argue that the district court abused its discretion by entering an order of dismissal without awarding attorneys fees to appellants. Appellants assert that they fall within the "exceptional circumstances" exception to the general rule in this circuit that a defendant may not recover attorneys fees when a plaintiff voluntarily dismisses an action with prejudice under Rule 41(a)(2). See AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997). Although this court has not defined what "exceptional circumstances" are under Rule 41(a)(2), because an award of such fees is also contrary to the American Rule, "'the underlying rationale for fee-shifting is punitive and the 'bad faith' is an essential element.'" San Juan Prods., Inc. v. San Juan Pools of Kan., Inc., 849 F.2d 468, 476 (10th Cir. 1988) (quotation omitted). The district court found that the record did not reflect either that AmeriTruck's claims were frivolous or that they were brought only for the purpose of harassment, and appellants' other

alleged bases for "exceptional circumstances" are not well supported in the record. We hold that the district court did not abuse its discretion in refusing to award attorneys fees.

IV.

Finally, appellant argues that the district court abused its discretion by denying costs to appellants in its dismissal order. Because "a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant," Cantrell v. International Bhd. of Elec. Workers, 69 F.3d 456, 456 (10th Cir. 1995) (en banc), the district court has discretion to award costs to the defendant, but that discretion is limited in two ways. "First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party. . . . [S]econd . . . it must provide a valid reason for not awarding costs to a prevailing party." Id. at 459. Although AmeriTruck asserts that the court gave sufficient reasons for not awarding costs, the language quoted in its brief refers to the court's decision not to award attorneys fees and costs as a condition to granting the motion to dismiss. The district court abused its discretion when, without considering the Rule 54 presumption or citing the reasons for not awarding costs to appellant, it ruled that each party should bear its own costs.

-7-

AmeriTruck argues that appellants are not entitled to costs because they never filed a bill of costs or supporting brief as required by Local Rule 54.1. Because the district court ruled against appellants on this issue before they had opportunity to follow the local rule and an immediate appeal followed, this argument is without merit.

We AFFIRM the district court's refusal to require AmeriTruck to respond to the motion for summary judgment before it ruled on the motion to dismiss; we AFFIRM the court's denial of attorney's fees under Rule 41(a)(2); and we REVERSE the district court's order denying appellants their costs under Rule 54(d) and REMAND for a determination of whether costs are appropriate in light of this order and judgment.

Entered for the Court

Michael R. Murphy
Circuit Judge