**Dan CANTRELL and Larry Holt, Plaintiff–Appellees,**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, LOCAL 2021, Defendant–Appellant.**

No. 93–6037.

United States Court of Appeals, Tenth Circuit.

Oct. 30, 1995.

Steven M. Angel, Kline & Kline, Oklahoma City, Oklahoma, for plaintiff-appellees.

George J. McCaffrey (Loren Gibson with him on the briefs), Oklahoma City, Oklahoma, for defendant-appellant IBEW Local 2021.

Before SEYMOUR, Chief Judge, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, HENRY, BRISCOE, and LUCERO, Circuit Judges.

ON REHEARING EN BANC

HENRY, Circuit Judge.

We granted en banc review to consider the district court's application of the rule announced in *Mobile Power Enterprises, Inc. v. Power Vac., Inc.*, 496 F.2d 1311 (10th Cir. 1974), and to clarify whether a defendant is a prevailing party under Fed.R.Civ.P. 54(d) when a plaintiff voluntarily dismisses its case with prejudice prior to trial. We overrule *Mobile Power* and hold that a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice.

**I. BACKGROUND**

Plaintiffs Dan Cantrell and Larry Holt filed an action against their union, the International Brotherhood of Electrical Workers (IBEW) in United States district court. Mr.

Cantrell and Mr. Holt alleged that IBEW had harassed them and failed to adequately pursue their grievances against their employer. IBEW filed a motion for summary judgment, arguing that Mr. Cantrell and Mr. Holt's claims were barred by the statute of limitations and otherwise not valid. The district court granted IBEW's summary judgment motion in part, dismissing most of Mr. Cantrell and Mr. Holt's claims. *See Cantrell v. International Brotherhood of Electrical Workers, Local 2021*, 860 F.Supp. 783, 788 (W.D.Okl.1991), *aff'd*, 32 F.3d 465 (10th Cir. 1994). Shortly before the remaining issues were scheduled for trial, the parties notified the district court that they were conducting negotiations and expected to settle the matter. Upon hearing of the settlement negotiations, the district court issued an Administrative Closing Order. The order terminated the matter without prejudice and allowed either party to reopen the proceedings for good cause. However, the order also stated that if neither party reopened the matter within 30 days, the action would be dismissed with prejudice. Appellant's App. at 44.

The settlement negotiations failed. Instead of reopening the matter within 30 days and proceeding to trial on the remaining issues, however, Mr. Cantrell and Mr. Holt waited for the matter to be dismissed with prejudice pursuant to the administrative closing order and then appealed the earlier dismissal of charges to this court. *Id.* at 178; *see also Cantrell v. International Brotherhood of Electrical Workers, Local 2021*, 32 F.3d 465, 469 (10th Cir.1994) (affirming district court). IBEW, as the prevailing party, petitioned the district court for costs under Fed.R.Civ.P. 54(d). The district court denied the motion, properly reasoning that because Mr. Cantrell and Mr. Holt had dismissed their action with prejudice, IBEW was not a prevailing party under *Mobile Power Enter-*

*prises, Inc. v. Power Vac, Inc.*, 496 F.2d 1311, 1312 (10th Cir.1974). Appellant's App. at 195.

In *Mobile Power*, the plaintiff filed an action against two defendants. When the plaintiff "obtained a satisfactory offer of settlement" from one defendant, it sought dismissal with prejudice against both defendants. *Mobile Power*, 496 F.2d at 1312. After the district court dismissed the charges, the non-settling defendant declared itself the prevailing party and sought costs under Rule 54(d), which allows the prevailing party to recover costs "unless the court otherwise directs." The district court denied the motion, and the nonsettling defendant appealed to this court. We held that while a district court could award costs when a plaintiff dismissed its action *without prejudice*, it could not award costs when an action was dismissed *with prejudice*. The "[district] court lacks power to allow costs, barring exceptional circumstances, if the dismissal is with prejudice." *Id.*

■ On appeal, IBEW urged a panel of this court to overrule *Mobile Power*. Although the panel noted that IBEW had made a strong argument that the court should reconsider *Mobile Power*, the panel affirmed the district court because it found *Mobile Power* applicable, and a panel cannot overrule this court's precedent. *United States v. Rockwell*, 984 F.2d 1112, 1117 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993). IBEW filed a petition for rehearing with suggestion for en banc consideration, arguing that *Mobile Power* was inconsistent with the majority of courts interpreting Rule 54(d)(1)[1].

## II. DISCUSSION

Rule 54 provides that a prevailing party will normally recover costs. "Except when

---

1. IBEW also argues that the dismissal pursuant to the administrative closing order in this case is not a voluntary dismissal, that *Mobile Power* is limited to voluntary dismissals, and that *Mobile Power* should therefore not apply to this case. Although perhaps administrative closing orders do not fit neatly into the conceptual scheme of Fed.R.Civ.P. 41, we have held that a plaintiff whose case is dismissed by an administrative closing order should be considered to have voluntarily dismissed its claim pursuant to Fed.

R.Civ.P. 41(a)(2). *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1960, 131 L.Ed.2d 852 (1995). In *Morris*, we emphasized that the plaintiff had notice that an action would be dismissed with prejudice pursuant to an administrative closing order, but did not notify the court of settlement difficulties. *Id.* at 1109–10. We conclude that the order dismissing Mr. Cantrell and Mr. Holt's claims constituted a voluntary dismissal under *Morris*.

express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R.Civ.P. 54(d).

Our rule in *Mobile Power* may encourage settlement to the extent that a plaintiff can dispose of a case without fear of being assessed costs when dismissing its action with prejudice. *See Colombrito v. Kelly,* 764 F.2d 122, 134 (2d Cir.1985) (citing *Mobile Power* and discussing an award of attorneys fees). However, the tension between Fed.R.Civ.P. 54(d)'s pronouncement that the prevailing party is entitled to costs as a matter of course and *Mobile Power*'s distinction between dismissals with and without prejudice has not escaped the critical attention of other courts. The Fifth Circuit criticized *Mobile Power* in *Schwarz v. Folloder,* 767 F.2d 125 (5th Cir.1985), noting that nothing in Rule 54 explains or justifies *Mobile Power*'s distinction.

> In *Mobile Power Enters., Inc. v. Power Vac, Inc.,* 496 F.2d 1311 (10th Cir.1974), the Tenth Circuit stated that while a defendant can receive an award of costs following a dismissal *without* prejudice, he cannot receive an award of costs after a dismissal *with* prejudice. *Id.* at 1312. With all due respect to the court in *Mobile Power,* we are completely at a loss to explain this distinction,.... A dismissal with prejudice affords a defendant considerably more relief than a dismissal without prejudice. Therefore, we fail to see how the latter could make the defendant a prevailing party if the former does not. *See* 6 J. Moore, W. Taggart, & J. Wicker, supra ¶ 54.70[4], at 79 n. 15 (Supp.1984–1985 J. Lucas ed.) (criticizing *Mobile Power*).

*Schwarz,* 767 F.2d at 131 n. 8. The Fifth Circuit concluded that when a plaintiff dismisses a matter with prejudice, the defendant is the prevailing party and "receives all that he would have received had the case been completed." *Id.* at 129. Commentators have cited *Schwarz* with approval, observing that a dismissal with prejudice is a "complete adjudication and a bar to further action between the parties." 9 Charles Alan Wright

and Arthur R. Miller, *Federal Practice and Procedure* § 2364, at 277 (2d ed. 1994).

After closely reviewing *Mobile Power,* we also believe that we may have misread *Smoot v. Fox,* 353 F.2d 830 (6th Cir.1965), *cert. denied,* 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966), the case we cited to distinguish between dismissals with and without prejudice. Although *Mobile Power* interpreted *Smoot* to have established a principle regarding Rule 54(d) costs, *Smoot* actually concerned an award of "attorney's fees and expenses." *Smoot,* 353 F.2d at 833. In fact, in the same dispute, the Sixth Circuit had earlier held that a dismissal with prejudice "is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties" and ordered the dismissing party to pay court costs. *Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir.1964) (per curiam); *see also Smoot,* 353 F.2d at 831 (noting that the court had earlier "ordered the District Judge to dismiss the actions with prejudice on payment of all court costs by [the plaintiff]").

■ In addition, we note that the restrictive rule in *Mobile Power* seems inconsistent with our cases holding that a party need not prevail on every issue to be considered a Rule 54(d) prevailing party. *Roberts v. Madigan,* 921 F.2d 1047, 1058 (10th Cir.1990), *cert. denied,* 505 U.S. 1218, 112 S.Ct. 3025, 120 L.Ed.2d 896 (1992); *Howell Petroleum Corp. v. Samson Resources Co.,* 903 F.2d 778, 783 (10th Cir.1990). In *Roberts,* we emphasized that a district court has broad discretion to award costs. *Roberts,* 921 F.2d at 1058 (citing 6 James W. Moore et. al., *Moore's Federal Practice* ¶ 54.70[4] (2d ed. 1988)). We find this authority compelling and overrule *Mobile Power* to the extent that it distinguishes between voluntary dismissals with and without prejudice. Thus, in cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d).

■ However, we note that the district court's discretion is not unlimited. Rule 54 and those cases interpreting it limit a district court's discretion in two ways. First, it is

well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party. *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir.1980); *see also In re San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 962 (1st Cir. 1993) ("the power to deny recovery of costs that are categorically eligible for taxation under Rule 54(d) ... operates in the long shadow of a background presumption favoring cost recovery for prevailing parties."); *Baez v. United States Dep't of Justice*, 684 F.2d 999, 1004 (D.C.Cir.1982) (en banc) (per curiam); 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane § 2668, at 201 (collecting cases and observing that a district court "is not likely to exercise its discretion to deny costs to the prevailing party in the absence of a persuasive reason for doing so.... The burden is on the ... [nonprevailing party] to overcome the presumption in favor of the prevailing party.").

■ The second restraint on a district court's discretion is that it must provide a valid reason for not awarding costs to a prevailing party. *Serna*, 616 F.2d at 1167–68; *see also In re San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d at 963; *Schwarz*, 767 F.2d at 131; *Baez*, 684 F.2d at 1004 and n. 28 (collecting cases).

We have discussed the circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party. We have held that it is not an abuse of discretion for a district court to refuse to award costs to a party that was only partially successful. *Howell*, 903 F.2d at 783. Other circuits have held that district courts did not abuse their discretion when they refused to award costs to prevailing parties who were obstructive and acted in bad faith during the course of the litigation.

*E.g., Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir.1990); *McFarland v. Gregory*, 425 F.2d 443, 449 (2d Cir.1970). Courts have also held that it was not an abuse of discretion for district courts to deny costs when damages were only nominal, *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir.1992), or the nonprevailing party was indigent, *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir.1984), *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2321, 85 L.Ed.2d 840 (1985). The Sixth Circuit has similarly held that a district court may deny a motion for costs if the costs are unreasonably high or unnecessary, a prevailing party's recovery is insignificant, or the issues are close and difficult. *White & White, Inc. v. American Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir.1986). *See also* 10 Charles A. Wright, Arthur B. Miller & Mary Kay Kane § 2668 (collecting cases holding that district courts did not abuse their discretion by denying costs, and cases holding that district courts did abuse their discretion by denying costs).[2]

### III. CONCLUSION

The district court correctly read *Mobile Power* to hold that it had no discretion to award costs to IBEW when Mr. Cantrell and Mr. Holt dismissed their claims with prejudice. By partially overruling *Mobile Power*, we return discretion to the district court as Rule 54 requires. We express no opinion as to whether Mr. Cantrell and Mr. Holt's decision not to proceed to trial on the limited issues remaining after the district court's summary judgment order should prevent IBEW from recovering costs. It is up to the district court's discretion to determine whether saving judicial resources should be dispositive in this case. We therefore remand this matter to the district court to

---

2. Limited to its facts, *Mobile Power* provides another example of a district court's proper use of discretion in the settlement context. We held that the district court did not abuse its discretion when it denied costs to the nonsettling defendant when the settling defendant had made the plaintiff whole. *Mobile Power*, 496 F.2d at 1312. Professor Moore's treatise continues to cite *Mobile Power* with approval for the proposition that a district court may properly deny costs to the prevailing party under Rule 54 in the settlement context. 6 *Moore's Federal Practice* ¶ 54.70[4] at

54–327 to 54–328 & n. 19 (1995) (citing *Mobile Power*). Thus, while we reject *Mobile Power*'s comprehensive rule against awarding costs when cases are dismissed with prejudice, we note that our emphasis upon district court discretion would allow a district court to deny costs under the facts of *Mobile Power*. Where an action will be dismissed with prejudice pursuant to a settlement agreement, we encourage the settling parties to include language in the settlement agreement specifically dealing with costs.

determine whether IBEW should be awarded costs.