**Harold T. PEHR, Plaintiff,**

v.

**RUBBERMAID, INC., Defendant.**

**No. 99–2089—JWL.**

United States District Court,
D. Kansas.

July 10, 2000.

---

Michael Elbein, Kent R. Erickson, Douglas M. Weems, Spencer, Fane, Britt & Browne, Kansas City, MO, Mark M. Grossman, Lee F. Grossman, Randall G. Rueth, Grossman & Grossman, Ltd., Chicago, IL, for plaintiff.

J. Eugene Balloun, William R. Sampson, Shook, Hardy & Bacon L.L.P., Overland Park, KS, Richard J. Hoskins, Robert S. Rivkin, Christopher B. Schneider, Schiff, Hardin & Waite, Chicago, IL, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On March 1, 1999, plaintiff filed this patent infringement action, claiming that defendant Rubbermaid's distribution and sale of a latch closure mechanism used on particular models of its *Action Packer* ® containers infringed certain claims of United States Patents Nos. 4,925,041 (the "'041 patent") and 5,137,260 (the "'260 patent"). Rubbermaid counterclaimed for a declaratory judgment of invalidity and non-infringement of the '041 and '260 patents. On March 8, 2000, this court granted defendant Rubbermaid's motion for summary judgment of non-infringement and dismissed plaintiff's complaint in its entirety. *See Pehr v. Rubbermaid, Inc.*, 87 F.Supp.2d 1222, 1238 (D.Kan.2000).[1] The

---

1. On June 20, 2000, a telephone status conference in this action was held to resolve the parties' differing views regarding the effect of the court's entry of summary judgment of non-infringement on defendant's counterclaims for a declaratory judgment of non-infringement and patent invalidity. During the conference, the plaintiff accepted the defendant's position that Rubbermaid's counterclaims were dismissed without prejudice by virtue of the court's March 8, 2000 entry of summary judgment of non-infringement. By that accession, counsel for plaintiff acknowledged that the time period during which plaintiff could file his notice of appeal was triggered by the March 8, 2000 order, and further stated that, because a notice of appeal was never timely filed in this case, Mr. Pehr has no intention to appeal the court's entry of summary judgment of non-infringement. In return, defendant formally agreed that, subject to the condition that it is not sued again for infringement of the '041 and '260 patents, it will not attempt to resurrect its counterclaims, despite

matter is presently before the court on plaintiff's objections to defendant's bill of costs (doc. 68). For the reasons set forth below, the court grants plaintiff's objections in part and awards costs against plaintiff in the amount of $339.84.

## I. Analysis

 Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed.R.Civ.P. 54(d)(1). Rule 54(d) is governed by 28 U.S.C. § 1920, which provides that a judge or clerk of the court may tax as costs certain categories of expenses incurred during litigation, such as the costs of depositions, court transcripts, and copying fees. *See* 28 U.S.C. § 1920.[2] As is reflected by the language of § 1920, not all expenses associated with litigation are recoverable against the non-prevailing party, and "[i]tems proposed by winning parties as costs should always be given careful scrutiny." *U.S. Industries, Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1245 (10th Cir.1988) (quoting *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)). If the prevailing party makes a preliminary showing that its requested costs fall within the categories of recoverable costs enumerated in § 1920, a presumption arises in favor of taxing those costs, and "[t]he burden is on the nonprevailing party to overcome the presumption in favor of the prevailing party." *Cantrell v. IBEW Local 2021,* 69 F.3d 456, 458–59 (10th Cir.1995) (citation omitted).

 Although "[t]he allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court," that discretion is not unfettered.

*Zeran v. Diamond Broadcasting, Inc.,* 203 F.3d 714, 722 (10th Cir.2000). The court's discretion is fundamentally limited by Rule 54(d)(1)'s presumption that costs associated with an action are to be assessed against the unsuccessful litigant. *See id.* Further, and as an additional limitation to the court's discretion in awarding costs, in the event that the district court chooses to deny costs to the prevailing party, the court is required to provide a valid reason to support such a denial. *See id.*

 In its bill of costs, defendant requests the clerk to tax costs in the amount of $30,762.86, all of which are claimed by defendant as falling within the scope of § 1920(4), which allows for the taxation of "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). As the term has been interpreted by the Tenth Circuit, " 'necessarily obtained' does not mean that the materials obtained 'added to the convenience of the parties... and perhaps...made the task of the trial judge[ ] easier.' " *U.S. Industries,* 854 F.2d at 1245 (quoting *Farmer,* 379 U.S. at 234, 85 S.Ct. 411). Instead, an item is "necessarily obtained" within the meaning of § 1920(4) only where the court believes that its procurement was reasonably necessary to the prevailing party's preparation of its case. *Id.* Even if the court concludes that a claimed cost was necessarily incurred in the litigation, "the amount of the award requested must be reasonable." *Id.*

### A. Uncontested Costs

 In his papers, plaintiff does not object to the taxation of the following costs: (1) copies of prosecution histories of the patents-in-suit in the amount of $28.88; and (2) mo-

---

the fact that their dismissal was without prejudice.

2. Specifically, § 1920 provides, in pertinent part: A judge or clerk of any court of the United States may tax as costs the following:
 (1) Fees of the clerk and marshal;
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

tion copying charges in the amount of $120.96. To the extent that these costs are unchallenged, and further because there is no evidence that these costs are unreasonable, the court concludes that the costs in the amount of $149.84 are properly taxable against plaintiff.

### B. Prior Art Searches

■ Plaintiff objects to defendant's submission of $9,697.30 as costs incurred to perform prior art searches relevant to defendant's patent invalidity claims. Defendant has submitted with its bill of costs two billing statements in which the charges attendant to the prior art searches are itemized. *See* Ex. 8 to Def. Bill of Costs (doc. 67). A review of those billing statements reveals four separate categories of charges related to the prior art searches: "professional services rendered" fees totaling $9400.00, dispatch charges totaling $81.30, online searching charges in the amount of $26.00, and patent copies totaling $190.00.

Defendant asserts that all of the costs associated with the prior art searches fall within § 1920(4). As set forth above, § 1920(4) allows the court to award costs "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). By the statute's terms, then, it appears that the costs charged for patent copies, or $190.00, are recoverable against plaintiff. With respect to the remaining $9507.30 associated with the prior art searches, however, the court concludes that defendant has failed to demonstrate that those costs are properly taxable under § 1920(4).

■ As set forth above, defendant bears the burden to establish that the costs sought fall within the provisions of § 1920. *See, e.g., Green Construction Co. v. Kansas Power & Light Co.,* 153 F.R.D. 670, 675 (D.Kan.1994). Section 1920(4), the subsection under which

defendant claims all costs associated with the prior art searches are recoverable, does not provide for the award of costs such as fees "for professional services rendered," dispatch charges, or online searching fees. *See* 28 U.S.C. § 1920(4); *see, e.g., Green Constr.,* 153 F.R.D. at 676 (consultant fees not taxable under § 1920); *Albertson v. IBP Inc.,* 1997 WL 613301, at *1–*2 (D.Kan.1997)(computer-assisted research, delivery expenses not properly recoverable under § 1920). Although defendant asserts that the costs are recoverable under § 1920(4) because they are reasonable and were necessarily incurred in the preparation of its case, defendant has failed to cite, and the court's research does not reveal, any authority to support the proposition that such fees are properly taxable pursuant to § 1920(4). The court therefore declines to award the remaining costs associated with the prior art searches, and instead limits the amount of recoverable costs related to prior art searches to $190.00.

### C. Photocopying Costs in Response to Plaintiff's Discovery Requests

■ Defendant seeks costs for copies responsive to plaintiff's discovery requests in the amount of $5,845.92. As set forth above, § 1920(4) allows the court to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). As a general rule, prevailing parties are not entitled to recover costs incurred in responding to discovery; because the producing party possesses the original documents, such papers are not "obtained" for purposes of § 1920(4). *See, e.g., Phillips USA, Inc. v. Allflex USA, Inc.,* 1996 WL 568814, at *2 (D.Kan. Sept. 4, 1996). Therefore, because defendant possessed the original documents of which photocopies were made in response to plaintiff's discovery requests, the court denies these costs.[3]

---

**3.** Defendant cites *American Key Corp. v. Cumberland Assocs.,* 102 F.R.D. 496 (N.D.Ga.1984) for the proposition that, in complex cases involving large volumes of documents, courts "routinely find that... it is a practical necessity for adequate trial preparation for counsel to assemble a complete file of documents," and thus that it is entitled to recover the cost of photocopying the

documents produced in response to plaintiff's discovery requests. Def. Repl. at 4 (citing *American Key,* 102 F.R.D. at 499). What defendant fails to mention, however, is that in making that observation, the *American Key* court was concerned with complex cases in which the originals of documents were spread amongst several co-defendants in different locations, noting that an

### D. Microfilm Reproduction Costs

Defendant claims that it should be awarded costs in the amount of $15,069.80 to cover the amount it expended in microfilm reproduction costs. Plaintiff "strenuously objects" to these costs, explaining that it expressly directed defendant not to reproduce the microfilm on two separate occasions, but that defendant printed the microfilm despite those requests. In response, defendant maintains that, but for plaintiff's pursuit of his motion to compel discovery, defendant would not have been required to incur such costs.

 As a preliminary matter, costs for microfilm reproduction do not fall within the provisions of § 1920. As such, microfilm reproduction is a nonstatutory cost. It is well-settled that "the court should sparingly exercise its discretion with regard to expenses not specifically allowed by statute." *U.S. Industries,* 854 F.2d at 1246. As explained below, the court concludes that no special circumstances exist to justify awarding the cost of microfilm reproduction to defendant, and thus declines to exercise its discretion to tax such costs against plaintiff. *See id.* (affirming denial of costs associated with microfilm reproduction and document analysis).

It is undisputed that both parties were well aware that the cost of printing microfilmed documents responsive to plaintiff's discovery requests would be substantial. Indeed, once counsel for defendant advised plaintiff's counsel of the extreme costs associated with printing the requested documents from microfilm, counsel for plaintiff directed Rubbermaid's attorneys not to reproduce the microfilm on the ground that it was too expensive to do so.

On October 1, 1999, plaintiff filed a motion to compel discovery.[4] As set forth in the order granting in part and denying in part plaintiff's motion, the fact that any costs associated with microfilm reproduction would be considerable was brought to the attention of the presiding magistrate judge. *See* Memorandum and Order dated October 14, 1999 at 4 (doc. 37). Also reflected in the order is plaintiff's agreement "to wait until defendant responds to the request after they have finished reviewing the microfilm." *Id.* Despite defendant's assertions to the contrary, that the magistrate's order nevertheless set a deadline for defendant's response does not mean that, if Rubbermaid was unable to meet that deadline, defendant was automatically entitled to print the microfilm, and recoup the costs from plaintiff in the event that it prevailed in the litigation. Instead, if defendant was unable to comply with the deadline set forth in the order, rather than reproducing the microfilm in contravention of the parties' agreement, Rubbermaid could have returned to the magistrate and requested an extension of time to comply with his order. Defendant's assertion at this juncture of the litigation that the deadline set forth in the magistrate's order was too restrictive is inappropriate; any such complaint would have been more appropriately raised and addressed during the discovery process. In short, the court finds unpersuasive defendant's argument that plaintiff "forced" it to incur the microfilm printing costs, and because it concludes that there exist no special circumstances here to warrant the assessment of such costs against plaintiff, the court in its discretion declines to award defendant

attorney "cannot be expected to travel from place to place to examine documents which are necessary for use in the case." *Id.* Accordingly, the *American Key* court explained, "where the papers themselves are necessary for trial preparation the cost of copying them is generally going to be taxable *unless that party also has the originals.*" *Id.* In this case, because the photocopies of documents for which defendant seeks costs were of papers in defendant's possession, defendant's reliance on *American Key* is misplaced.

**4.** The parties appear to disagree as to whether plaintiff's motion to compel discovery was filed

before or after his counsel was alerted to the cost of microfilm reproduction. Because plaintiff's agreement to wait until the documents could be reviewed through a viewing device is documented in Magistrate Reid's order deciding plaintiff's motion to compel, however, the court does not believe the precise timing of the filing of plaintiff's motion, i.e., whether it was before or after counsel for defendant explained the significant costs associated with printing the microfilm, makes any difference in the resolution of the issues presented here.

any of its costs associated with microfilm reproduction in this case. Defendant's request for microfilm reproduction costs in the amount of $15,069.80 is, therefore, denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' objections to defendant's bill of costs (doc. 68) is granted in part and denied in part. The defendant is awarded costs against the plaintiff in the amount of $339.84.