**AG SERVICES OF AMERICA, INC., an Iowa corporation, Plaintiff–Appellee,**

v.

**John D. NIELSEN, also known as Jack Nielsen; and Diamond Hill Farms, Clovis, Inc., a New Mexico corporation, Defendants–Appellants.**

No. 01–2106.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 2001.

---

Before TACHA, Chief Judge, SEYMOUR, Circuit Jusge, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant John D. Nielsen is appealing the district court's order denying his motion to tax trial costs. Our jurisdiction arises under 28 U.S.C. § 1291. We reverse and remand this matter to the district court with instructions that the court enter an order awarding Nielsen trial costs in the amount of $12,591.19.

At the underlying trial in this case, the jury awarded plaintiff Ag Services of America, Inc. $162,000.00 against defendant Diamond Hill Farms Clovis, Inc. (DHFC) on its conversion claim, but the jury found that Nielsen was not liable to plaintiff on any of the legal claims that were asserted against him. However, plaintiff had also asserted several equitable claims against Nielsen, and, after the jury rendered its verdict, the district court entered judgment in favor of plaintiff and against Nielsen personally for $412,352.00 on the equitable claims. Nielsen then appealed to this court.

On appeal, this court reversed the district court's entry of judgment against Nielsen, holding that Nielsen was not liable to plaintiff on any of the equitable claims. *See Ag Servs. of Am., Inc. v. Nielsen*, 231 F.3d 726, 737 (10th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1961, 149 L.Ed.2d 757 (2001). Accordingly, we remanded the case with instructions for the district court to enter judgment in favor of Nielsen on "all" of plaintiff's claims. *Id.*

On remand, Nielsen moved for an award of trial costs in the amount of $12,591.19 under Fed.R.Civ.P. 54(d), but the district court denied the motion.[1] In its order denying the motion, the court first referred to the fact that Nielsen and plaintiff's borrower had formed DHFC, and the court stated that DHFC was utilized as a "conduit" to circumvent plaintiff's rights under the third-party loan agreement. *See* Aplt.App. at 195–96. The court then noted that because plaintiff had previously prevailed against DHFC, it was entitled to an award of costs against DHFC, and the court stated that it did not want to "negate the cost award plaintiff *received* against [DHFC] because individual liability was not found against Nielsen." *Id.* at 196 (emphasis added).

■ Federal Rule of Civil Procedure 54(d)(1) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Applying this language, we have recognized that "[t]he allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court." *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir.2000) (citation omitted). "However, this discretion is limited in two ways. First, it is well established that

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Plaintiff did not object to the amount or the type of costs that Nielsen requested, and its only objection was that neither side should be awarded costs because this is a "mixed outcome" case. *See* Aplt.App. at 188–89.

Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, the district court must provide a valid reason for not awarding costs." *Id.* (quotation and citation omitted).

We hold that the district court abused its discretion in denying Nielsen's motion to tax trial costs. First, while the court's order is subject to interpretation, it appears that the court relied, at least in part, on Nielsen's extra-judicial conduct in forming DHFC as one of the grounds for denying his motion for costs. This is not a proper basis for denying an award of costs to a prevailing party. *See Zeran,* 203 F.3d at 722 (holding "that the district court's own view of extra-judicial conduct, which the law does not recognize as legally actionable, should play no part in the district court's decision whether to override the presumption that the prevailing party receives costs").

Second, the district court assumed that it had previously ordered DHFC to pay plaintiff's trial costs since plaintiff prevailed at trial against DHFC. Our review of the record reveals that this is incorrect. Instead, after the trial, plaintiff moved for an award of costs against Nielsen based on the then-existing judgment against him on the equitable claims, *see* R., Doc. 254, and the district court clerk granted the motion and taxed costs against Nielsen, *see* R., Doc. 263. However, at no time, either before or after the appeal, has plaintiff moved for an award of costs against DHFC. In addition, the pre-remand award against Nielsen was voided as a result of this court's reversal of the judgment against him. *See Amarel v. Connell,* 102 F.3d 1494, 1523 (9th Cir.1996).

Third, in *Barber v. T.D. Williamson, Inc.,* 254 F.3d 1223, 1234 (10th Cir.2001), we recently recognized that a district court can refuse to award costs in mixed result cases or in cases where a party only partially prevails. However, this is not such a case because Nielsen prevailed on all of the claims asserted against him, both legal and equitable.

Finally, while this court has recognized a number of other grounds for denying an award of costs to a prevailing party, *see Cantrell v. Int'l Bhd. of Elec. Workers,* 69 F.3d 456, 459 (10th Cir.1995), and while there is no exclusive list of permissible grounds, *see Zeran,* 203 F.3d at 722, we hold that there is no proper basis for denying an award of trial costs to Nielsen on the present record.

The order of the United States District Court for the District of New Mexico is REVERSED and this matter is REMANDED with instructions that the district court enter an order awarding defendant John D. Nielsen trial costs in the amount of $12,591.19.