**Anthony D. SHAPIRO, Plaintiff,**

v.

**Marcus RYNEK, in his individual and official capacities, Defendant.**

**Civil Action No. 13–cv–03086–KMT**

United States District Court, D. Colorado.

Signed 04/25/2017

Laura Lee Rovner, Danielle C. Jefferis, Lindsey De Soto Webb, Nicole Brianne Godfrey, University of Denver–Sturm College of Law, Denver, CO, for Plaintiff.

Jacquelynn Nichole Rich Fredericks, Kathryn Anne Teresa Starnella, Kristin A. Ruiz, Colorado Attorney General's Office, Denver, CO, for Defendant.

## ORDER

Kathleen M. Tafoya, United States Magistrate Judge

This matter is before the court on "Plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) to Order Each Side to Bear Its Own Costs" [Doc. No. 228] filed March 10, 2017. Defendant's Response was filed on March 23, 2017 [Doc. No. 236] and Plaintiff's Reply was filed on March 31, 2017 [Doc. No. 239].

Also before the court is "Defendants' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988(b), Fed. R. Civ. P. 54(d)(2), and D.C.COLO.LCivR 54.3" [Doc. No. 229] filed March 10, 2017. Plaintiff's Response was filed on April 21, 2017 [Doc. No. 243].[1]

The "Motion of Civil Rights Organizations and Lawyers to Participate as Amicus Curiae Regarding Defendants' Motion for Attorney's Fees" [Doc. No. 244] and a brief in connection thereto [Doc. No. 246] and the "Motion for Leave to File a Brief of Amicus Curiae Colorado Lawyers Committee in Opposition to Defendants' Motion for Attorney's Fees (ECF No. 229)" [Doc. No. 246] were filed on April 21, 2017.

## BACKGROUND

Plaintiff, Anthony Shapiro, a prisoner incarcerated in Sterling Correctional Facility ("SCF") in Sterling, Colorado, serving

---

1. The court recognizes Defendants may have intended to file a Reply, pursuant to D.C.COLO.LCivR 7.1(d). However, pursuant to the same Local Rule, the court may rule "on a motion at any time after it is filed" and the court finds further briefing on these issues is unnecessary.

a sentence of life without the possibility of parole, brought this case alleging he was subjected to a group strip search in the presence and full view of other prisoners at SCF by a Colorado Department of Corrections employee, in violation of the Fourth Amendment's prohibition on unreasonable searches. Mr. Shapiro's case was brought pursuant to 42 U.S.C. § 1983. Mr. Shapiro named Defendant Rynek as the employee conducting the group search. Plaintiff ultimately also sued John Chapdelaine, Tobias Trujillo, Steven Doane, Carlos Luis Chavarria, James Falk, Steven Weeder, and Raymond Bilderaya. Messrs. Trujillo, Doane and Chavarria were sued in the alternative for the same behavior as Rynek, *i.e.*, that each was the one officer who performed a group strip search of Plaintiff and others on December 6, 2012. Mr. Bilderaya and Mr. Falk, both supervisors, were ultimately dismissed on September 18, 2014. [Doc. No. 26.] Mr. Weeder was dismissed due to Plaintiff's failure to serve him. [Doc. No. 28.] Plaintiff's opposed request to add Mr. Raemisch was denied as futile. [Doc. 59, p. 3; Doc. 73 (adopt 59).] Plaintiff's injunctive claim was dismissed twice on Defendants' motions. [Doc. Nos. 26 and 101.] Mr. Trujillo and Mr. Chavarria were dismissed on December 2, 2015. [Doc. No.109.] Mr. Shapiro survived multiple motions to dismiss as well as a motion for summary judgment. [Doc. Nos. 26, 101, 131.] Mr. Shapiro proceeded to trial against remaining co-defendants Mr. Rynek and Mr. Doane, each accused of being the one officer at SCF who performed the alleged group strip search.

A jury trial began on February 21, 2017, and concluded as scheduled on February 24, 2017. [Doc. Nos. 212, 215, 216, 219.] In addition to testifying on his own behalf, Mr. Shapiro called four prisoner witnesses who testified that they had also been subjected to the same group strip search in full view of other prisoners on December 6, 2012 immediately before their transport out of SCF. At the close of Mr. Shapiro's case-in-chief, this Court granted Defendants' motion pursuant to Fed. R. Civ. P. 50 as to Defendant Doane and dismissed him from the case. [Doc. No. 216 at 2.] The jury entered deliberations with Marcus Rynek as the only remaining defendant.

The verdict form required the jury to decide, before considering the personal participation of Defendant Rynek, whether Mr. Shapiro had proven by a preponderance of the evidence that he was subjected to a group strip search in full view of the other prisoners in the room on December 6, 2012. [Doc. No. 222 at 1.] The jury answered affirmatively, indicating Mr. Shapiro had, in fact, proven by a preponderance of the evidence that he was subjected to an unconstitutional group strip search. (*Id.*) The next question on the verdict form asked the jurors whether Mr. Shapiro had proven by a preponderance of the evidence that Defendant Rynek was the officer who performed the group strip search. (*Id.* at 2.) The jury answered, "No," and left the remainder of the verdict form blank. (*Id.*) The Court issued a Judgment on February 24, 2017, in favor of Defendants Rynek and Doane against Mr. Shapiro. [Doc. No. 223.] The Judgment ordered that Mr. Shapiro, the non-prevailing party, pay Defendants' costs. *Id.* at 2.

Plaintiff now argues it would constitute manifest injustice to require Plaintiff Shapiro, both indigent and without any ability to ever, by virtue of his life sentence, become solvent, to pay Defendants' costs in light of proof Mr. Shapiro's constitutional rights were violated, although he was unable to prove Defendant Rynek conducted the unconstitutional search. Defendants argue Plaintiff unnecessarily expanded the case with multiple defendants and needless motions, including a frivolous Motion to Disqualify Defendants' counsel. They fur-

ther contend that in light of the enormous expenditure of taxpayer funds occasioned by Plaintiff's lawsuit, the imposition of costs and attorney's fees against Plaintiff would discourage frivolous prisoner litigation and encourage more thoughtful choices by the prisoner population regarding the bringing of litigation.

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), this Court has discretion to alter or amend a judgment less than twenty-eight days after the entry of the judgment. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59(e) relief is available where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Pursuant to Fed. R. Civ. P. 54(d)(1), the prevailing party in a litigation would ordinarily be awarded costs as a matter of course, just as happened in this case. In fact, Rule 54 creates a presumption that the district court will award the prevailing party costs. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004); *Cantrell v. Int'l Broth. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995). However, whether or not a prevailing party shall be awarded costs is "within the court's sound discretion." *Rodriguez*, 360 F.3d at 1190 (quoting *Homestake Mining Co. v. Mid–Continent Expl. Co.*, 282 F.2d 787, 804 (10th Cir. 1960)).

A district court may order each side to pay its own costs, so long as there is a valid reason for the denial of costs to the prevailing party. *Cantrell*, 69 F.3d at 459. In fact, because of the long standing practice of awarding costs to the prevailing party, courts have found that the "denial of costs is in the nature of a severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Rodriguez*, 360 F.3d at 1190. Generally, a district court does not abuse its discretion in denying costs when (1) the prevailing party was obstructive and acted in bad faith during the course of litigation; (2) only nominal damages are awarded; (3) the issues were close and difficult; (4) the costs are unreasonably high or unnecessary; or (5) the non-prevailing party is indigent. *Id.*; *Basanti v. Metcalf*, No. 11-cv-02765-PAB-NYW, 2016 WL 879616, at *1 (D. Colo. Mar. 8, 2016) (*citing Rodriguez, id.*)

Plaintiff's indigence alone is not dispositive and the court observes that Congress has specifically provided litigants proceeding *in forma pauperis* shall be liable for costs in the same manner "as in other proceedings." 28 U.S.C. § 1915(f)(1). *See also Mundell v. Bd. of County Comm'rs of Saguache County*, No. 05-cv-00585-REB-MJW, 2007 WL 1061510, at *1 (D. Colo. April 5, 2007) (finding that "[a]lthough indigency is one circumstance that may justify a denial of costs, in this circuit, it is not sufficient in itself to overcome the presumption created by Rule 54(d)(1)"); *Brooks v. Oba*, No. 1:13-cv-02894-CBS, 2017 WL 345667, at *1 (D. Colo. Jan. 23, 2017) (noting the plaintiff's indigence is a factor in considering the awarding of costs, but is not determinative).

Further, "the court, in its discretion, may allow the prevailing party... a reasonable attorney's fee as part of the costs. 42 U.S.C. § 1988(b).

In enacting § 1988 . . . Congress sought to protect defendants from burdensome litigation having no legal or factual basis. Accordingly, § 1988 authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.

*Fox v. Vice*, 563 U.S. 826, 833, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011) (internal cita-

tions omitted). The assessment of attorney fees to prevailing parties "in appropriate circumstances not only compensates the misused adversary, but also deters the filing of future meritless suits, both by the plaintiff in the case at hand and by future litigants who may be similarly situated or inclined." *See Carbajal v. O'Niell*, No. 12-cv-02257-REB-KLM, 2015 WL 6446945, at *2 (D. Colo. October 26, 2015).

■■■ Because "[t]he purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances ... a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Fox*, 563 U.S. at 833, 131 S.Ct. 2205 ("When a plaintiff succeeds in remedying a civil rights violation, ... he serves as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority.") On the other hand, due to the "quite different equitable considerations at stake," the court is more circumscribed in awarding attorney fees to a prevailing defendant. *Fox*, 563 U.S. at 833, 131 S.Ct. 2205. In that circumstance, attorney fees may be awarded only if the court finds that "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000); *Carbajal*, 2015 WL 6446945, at *1. A frivolous suit is one "based on an indisputably meritless legal theory, ... [or] whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). *See also Dill v. City of Edmond, Okla.*, No. 98-6162, 98-6186, 1998 WL 740962, at *2 (10th Cir. Oct. 23, 1998) (noting suit is frivolous if claims "not warranted in fact or law"). It may include both claims that were meritless at the inception of the case and those that only were revealed to be meritless as the litigation developed. *Thorpe v. Ancell*, 367 Fed. Appx. 914, 919 (10th Cir. 2010). Although a finding of bad faith is not necessary in order to support an award of attorney fees to a prevailing defendant, a finding of bad faith can bolster a defendant's request for such an award. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Anthony v. Baker*, 767 F.2d 657, 667 (10th Cir. 1985).

## ANALYSIS

■■■ The court notes and commends the eloquent briefs of the *amicus curiae* and the expressed concern for how an award of attorney's fees against an indigent litigant represented by pro bono counsel might affect the continued viability of this court's pro bono program, as well as the willingness of lawyers and law firms, including the University of Denver's Strom College of Law, to agree to represent indigent litigants without compensation, sometimes at significant cost. The court agrees with the sentiment expressed therein and appreciates the negative impact an award of costs and fees against a prisoner, for whom the court has sought representation and appointed counsel from the Pro Bono Panel, might have on public interest work and the program in general. For these reasons, the motions to allow filing of the *amicus curiae* position papers [Doc. Nos. 244 and 246] are **GRANTED** and the briefs accepted. This court finds that when considering whether to depart from the usual award of costs to a prevailing party, a factor that should be added to the list of discretionary considerations is whether the court has specifically authorized or requested that pro bono counsel consider representing the non-prevailing indigent litigant.

Additionally, particular to this case, another factor which this court has consid-

ered is that a law school has undertaken this pro bono appointment to provide invaluable experience to its law students as well as serve the indigent community. This representation included providing the uncompensated services of highly competent and skilled attorneys, Laura L. Rovner and Danielle C. Jefferis, to participate and guide the students through in-depth issue analysis and trial practice. The legal profession benefits greatly by this opportunity for hands-on lawyering, as does the indigent litigant who receives intense individual attention to the issues in his case.

 The court, however, does not need a response to the *amicus curiae* briefs from the attorneys representing Defendants, themselves skilled public servants, because as laudable as the arguments are, these policy considerations are not decisive in this case for the simple reason that, while Defendants were prevailing parties in the litigation,[2] Plaintiff actually <u>prevailed</u> on the single most important <u>issue</u> before the court. The jury found Plaintiff's constitutional rights were violated and that he was subjected to an unconstitutional group strip search as to which there was no evidence of penological need.[3] Such a result does not bespeak of a legal theory whose factual contentions are clearly baseless or a suit that was vexatious, frivolous, or brought to harass or embarrass the defendant. In fact, this lawsuit was brought to vindicate and reinforce important constitutional rights.

This court finds it would be manifestly unjust to award costs or attorney's fees against Mr. Shapiro, who is indigent and who would suffer great and severe hard-

ship, presumably for the rest of his life, if he could not provide for himself through his prison wages at least some modicum of simple life comforts through his meager canteen and/or some money available to fund communications with family members. The court notes Mr. Shapiro is not among that group of inmates who repeatedly file lawsuits at a drop of the proverbial hat. In fact, a check of the court's CM/ECF electronic filing system shows that in the seventeen years since Mr. Shapiro's sentence, he has never filed another federal case in this District. Apparently Defendants find the severe hardship that a costs and/or fees award would impose on him justified because they persevered in a lawsuit in which a jury clearly determined ***Plaintiff's constitutional rights had been violated*** by someone employed by the Colorado Department of Corrections.

The court does not condone bringing charges against innocent persons employed by the Department of Corrections or the use of indiscriminate allegations by prison inmates. But this case is unique in that respect. The jury considered the testimony of Mr. Shapiro, as well as several inmate witnesses whose credibility was impeached by their criminal convictions and who testified from prison via electronic video transmission dressed in their prison uniforms. The jury believed those witnesses that on December 6, 2012 an unconstitutional group strip search occurred at SCF. It was clear from the evidence that any strip search conducted in the SCF, whether in private or in a group, could <u>only</u> have been performed by someone act-

---

**2.** Largely via piecemeal resolution of claims against the various charged potential strip-searchers and their supervisors.

**3.** As Judge Martínez noted in his Order on summary judgment in this case [Doc. No. 131 at 8], the Tenth Circuit in *Farmer v. Perrill,*

288 F.3d 1254 (10th Cir. 2002) stated that prisoners have a "well established right not to be subjected to a humiliating strip search in full view of several (or perhaps many) others *unless the procedure is reasonably related to a legitimate penological interest. Id.* at 1260 (emphasis in original).

ing under color of law and employed by the Department of Corrections on the day in question. Where Mr. Shapiro failed was in not being able to positively identify the perpetrator in this brief but intensely personal interaction where most of the witnesses claimed they purposefully avoided eye contact with not only the searcher, but also with each other. Under these circumstances, the interests of justice dictate that each side should bear its own costs and attorney fees.

It is therefore **ORDERED**

1. "Plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) to Order Each Side to Bear Its Own Costs" [Doc. No. 228] is **GRANTED**. The Final Judgment [Doc. No. 223] shall be amended to state on page 2 that all parties shall bear their own costs of the lawsuit.

2. "Defendants' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988(b), Fed. R. Civ. P. 54(d)(2), and D.C.COLO. LCivR 54.3" [Doc. No. 229] is **DENIED**.

3. "Motion of Civil Rights Organizations and Lawyers to Participate as *Amicus Curiae* Regarding Defendants' Motion for Attorney's Fees" [Doc. No. 244] and "Motion for Leave to File a Brief of *Amicus Curiae* Colorado Lawyers Committee in Opposition to Defendants' Motion for Attorney's Fees (ECF No. 229)" [Doc. No. 246] are **GRANTED** and the Briefs accepted for filing.