**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARRELL BURTON; NORMAN
MASSENGALE,

      Plaintiffs - Appellants,

v.

VECTRUS SYSTEMS CORPORATION;
VECTRUS, INC.; REBECCA
WARDELL,

      Defendants - Appellees.

No. 20-1068
(D.C. No. 1:18-CV-02648-MSK-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **PHILLIPS**, Circuit Judges.
_____

The district court dismissed Plaintiffs' complaint for failure to exhaust

administrative remedies and awarded costs to Defendants. Plaintiffs appeal the cost

award arguing that Defendants were not prevailing parties and the district court

abused its discretion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.    Background

Plaintiffs Darrell Burton and Norman Massengale filed this action alleging that Defendants Vectrus Systems Corporation, Vectrus, Inc., and Rebecca Wardell terminated their employment at an Air Force base in Spain in retaliation for their whistleblowing.  Plaintiffs' operative complaint alleged a violation of 10 U.S.C. § 2409[1] and state-law claims.  Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Plaintiffs' claim under § 2409 should be dismissed because they had not exhausted their administrative remedies by filing a complaint with the Department of Defense Inspector General, and (2) the district court should decline to exercise continuing jurisdiction over Plaintiffs' state-law claims.  The district court granted Defendants' motion, dismissed Plaintiffs' case without prejudice, and entered judgment in favor of Defendants.

Following entry of a final judgment, Defendants filed a bill of costs seeking $10,217.95 related to deposition transcripts and travel expenses for an employee who traveled from Kuwait to Colorado to be deposed.  Plaintiffs objected.  After a hearing, the Clerk awarded Defendants $9,891.72 in costs.  Plaintiffs then sought review of the Clerk's award of costs.  With one exception not relevant here, the

---

[1] Section 2409 provides that "[a]n employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body [as further] described [in the statute] . . . information that the employee reasonably believes is evidence of [certain types of mismanagement or dangers to public safety]."  10 U.S.C. § 2409(a)(1).

district court affirmed the award of costs to Defendants. Plaintiffs filed a timely appeal of that decision.

## II. Discussion

Federal Rule of Civil Procedure 54(d)(1) provides that costs "should be allowed to the prevailing party." We review the district court's award of costs for an abuse of discretion. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). We review de novo the district court's construction of the Rule. *See Esposito v. United States*, 368 F.3d 1271, 1275 (10th Cir. 2004).

Plaintiffs argue the district court erred as a matter of law in awarding Defendants their costs because Defendants were not "prevailing parties" under Rule 54(d)(1). Plaintiffs alternatively contend that the court abused its discretion in awarding costs to Defendants.

### A. Defendants Were Prevailing Parties Under Rule 54(d)(1)

"[T]he determination of who qualifies as a prevailing party is central to deciding whether costs are available." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233-34 (10th Cir. 2001) (internal quotation marks omitted). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." *Id.* at 1234 (alteration, brackets, and internal quotation marks omitted). Here, the district court entered judgment in Defendants' favor. *See* Aplt. App. at 35.

Plaintiffs argue that "'prevailing party' is a legal term of art that requires much more than prevailing on a motion to dismiss for failure to state a claim." Aplt.

3

Opening Br. at 5.  Plaintiffs assert that Defendants, who were not awarded damages, were not prevailing parties because they "left the courthouse emptyhanded."  *Id.* at 4. We are not persuaded.

In *Cantrell v. International Brotherhood of Electrical Workers, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (en banc), we held that "in cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d)."[2]  Our decision in *Cantrell* makes clear that the defendant in such a case qualifies as a "prevailing party" under Rule 54(d)(1) as a result of the dismissal of the action.  *See id.* at 457-59.

Plaintiffs do not attempt to distinguish *Cantrell*.  And we fail to see how a defendant is a prevailing party under *Cantrell* when a plaintiff voluntarily dismisses an action without prejudice, but a defendant who successfully litigates a motion to dismiss under Rule 12(b)(6) and obtains a dismissal without prejudice and a final judgment in its favor is not.

Plaintiffs base their contention entirely on the Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).  But the circumstances in *Buckhannon*

---

[2] Prior to *Cantrell*, we had held that a defendant was not a prevailing party under Rule 54(d)(1) if the plaintiff voluntarily dismissed the action *with* prejudice. *See* 69 F.3d at 457.  *Cantrell* overruled that prior holding.  *See id.* at 458.  Thus, even before *Cantrell* this court held that a voluntary dismissal *without* prejudice triggers prevailing-party status under Rule 54(d)(1).

4

differed significantly from those in this case. The plaintiffs sued the state arguing that a state statute violated federal law. *See id.* at 600-01. When the legislature amended the statute to eliminate the challenged provision, the district court granted the defendants' motion to dismiss the case as moot. *See id.* at 601. The *plaintiffs* then sought an award of attorney's fees under fee-shifting provisions in two federal statutes.[3] They argued they were prevailing parties "under the catalyst theory, which posits that a plaintiff is a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* (internal quotation marks omitted).

Rejecting that theory, the Court held "that a plaintiff [must] receive at least some relief on the merits of his claim"—through a judgment or a consent decree— "before he can be said to prevail." *Id.* at 603 (internal quotation marks omitted). The Court reasoned that a "material alteration of the legal relationship of the parties [was] necessary to permit an award of attorney's fees." *Id.* at 604 (internal quotation marks omitted). And "[a] defendant's voluntary change in conduct . . . lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. The Court concluded: "We cannot

---

[3] Defendants suggest that the Court's discussion of the meaning of "prevailing party" in *Buckhannon* is irrelevant because that case involved an award of attorney's fees rather than costs. But the starting point for the Court's analysis was the dictionary definition of that term, *see* 532 U.S. at 603, which Defendants do not distinguish from its use in Rule 54(d)(1). In any event, we need not address any difference in the meaning of "prevailing party" with respect to an award of costs versus an award of attorney's fees because we conclude for other reasons that *Buckhannon* does not support Plaintiffs' position that Defendants were not prevailing parties in this case.

agree that the term prevailing party authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the sought-after destination without obtaining any judicial relief." *Id.* at 606 (internal quotation marks omitted).

Plaintiffs' reliance on *Buckhannon* is misplaced. That case did not involve a defendant seeking an award of costs after prevailing on a Rule 12(b)(6) motion. And unlike Defendants here, the plaintiffs claiming to have prevailed in *Buckhannon* had not received a court judgment in their favor. Moreover, despite Plaintiffs' suggestion otherwise, it does not follow that because an award of nominal damages is sufficient for a *plaintiff* to be considered a prevailing party, *see id.* at 604, a defendant must recover damages to have prevailed in an action. As Defendants note, under Plaintiffs' reasoning a defendant could never be a prevailing party unless it had sought and obtained relief on a counterclaim. Finally, an interlocutory ruling reversing a dismissal for failure to state a claim—which does not make a plaintiff a prevailing party, *see id.* at 605—is not analogous to Defendants' successful prosecution of such a motion that resulted in a final judgment in their favor.

Plaintiffs nonetheless assert that "a Rule 12(b)(6) motion cannot be said to be a determination on the merits" and that "Defendants did not win an enforceable judgment." Aplt. Opening Br. at 8-9 (internal quotation marks omitted). But they cite no persuasive authority for either of these propositions. *See Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970) (declining to

6

address argument not supported by pertinent authority).  And their contentions are otherwise perfunctory and insufficiently framed and developed to invoke appellate review.  *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).  Finally, we note that Plaintiffs once again fail to square their assertions with our holding in *Cantrell* that a plaintiff's voluntary dismissal without prejudice is sufficient for an award of costs to the defendant as a prevailing party under Rule 54(d)(1).

The district court did not err in holding that Defendants were prevailing parties in this case and therefore eligible for an award of costs under Rule 54(d)(1).

**B.** **The District Court Did Not Abuse its Discretion in Awarding Defendants Their Costs**

"Rule 54 creates a presumption that the district court will award the prevailing party costs," and "[t]he burden is on the non-prevailing party to overcome this presumption."  *Rodriguez*, 360 F.3d at 1190.  Moreover, "the denial of costs is in the nature of a severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied."  *Id.* (internal quotation marks omitted).

Plaintiffs advance three reasons why the district court abused its discretion in awarding costs to Defendants.  First, they contend it was unnecessary for a Vectrus employee to incur expenses traveling from Kuwait to Colorado to be deposed by Plaintiffs when the deposition could have been taken by video.  Plaintiffs maintain "[t]here is simply no reason why this deposition could not have occurred remotely."  Aplt. Opening Br. at 9.  But the court concluded it was not unreasonable for the Clerk to find that the witness's travel expenses were an appropriately incurred cost in light

7

of the "[t]he difference in time zones between Denver and Kuwait" which would "impose[] considerable burdens on one side or the other if a deposition is to be taken remotely." Aplt. App. at 67. And it found that "Plaintiffs must have eventually agreed to depose [the witness] in person in Denver" because the record did not show otherwise. *Id.* Finally, although Plaintiffs assert that they derived no benefit from the travel costs incurred, the district court held that they "certainly enjoyed the benefit of conducting an in-person deposition, rather than a remote one." *Id.* We see no abuse of discretion.

Second, Plaintiffs contend that the district court abused its discretion in awarding Defendants costs due to the economic disparity between the parties. The district court recognized that a party's indigence is one factor a court may weigh in exercising its discretion to award costs. *See Rodriguez*, 360 F.3d at 1190. But a finding of indigency does not preclude a cost award. *See id.* (affirming cost award against indigent plaintiffs where district court "concluded there was no reason defendants should be penalized" (internal quotation marks omitted)). And here, the district court held that Plaintiffs "ma[d]e no factual showing to establish such indigence." Aplt. App. at 63. Again, we see no abuse of discretion.

Finally, Plaintiffs allege "[t]here are sufficient grounds for the District Court to have 'penalized' Defendants." Aplt. Opening Br. at 10. But the district court found nothing in the record warranting a denial of costs. Rather, it held that Plaintiffs chose to proceed despite "many advisements and opportunities to reconsider their legal arguments and strategies and refine them accordingly." Aplt.

8

App. at 65.  The court pointed to Plaintiffs' original § 2409 claim, which they filed in district court in Florida, then voluntarily dismissed after Defendants raised the same exhaustion argument that they prevailed on in this action.  In addition, before moving to dismiss in this case, Defendants filed a motion for sanctions under Federal Rule of Civil Procedure 11 in which they again advised Plaintiffs that their complaint was defective.  The district court concluded that Defendants "demonstrated remarkable patience even as the Plaintiffs have struggled to assemble a lawsuit capable of sustaining itself," *id.* at 63, and that "[a]n award of costs . . . is entirely reasonable given the circumstances of this case," *id.* at 65.

Plaintiffs have not demonstrated that the district court abused its discretion in awarding Defendants their costs as the prevailing parties in this action.

## III.    Conclusion

The district court's order awarding costs to Defendants is affirmed.

Entered for the Court


Michael R. Murphy
Circuit Judge

9